563 So.2d 719 (1990)
LOCHRANE ENGINEERING, INC. and Frank N. Anderson, Appellants,
v.
WILLINGHAM REALGROWTH INVESTMENT FUND, LTD., et al., Appellees.
No. 88-1501, 88-1502.
District Court of Appeal of Florida, Fifth District.
May 17, 1990.
Rehearing Denied July 10, 1990.
*720 James C. Mize, Jr., of Bull & Mize, Orlando, for appellant Lochrane Engineering, Inc.
John H. Bill of Allen, Brown & Builder, P.A., Winter Park, for appellant Frank N. Anderson.
Marvin E. Rooks of Rooks & Willingham, Maitland, for appellees.

ON MOTION FOR ATTORNEY'S FEES
COWART, Judge.
Willingham sued Anderson on three theories, one being on tort, the second being on implied warranty and the third being on breach of an express contract providing for attorney's fees to the prevailing party. Willingham, the plaintiff, prevailed on his implied warranty theory of recovery but Anderson, the defendant, prevailed as to the counts sounding in tort and the express contract providing for attorney's fees. Under the opinion of this court in this very case, (Lochrane Engineering, Inc. v. Willingham Realgrowth Investment Fund, LTD., et al., 552 So.2d 228 (Fla. 5th DCA 1989)), Anderson moves this court for an award of attorney's fees on the basis that while Willingham recovered a judgment against Anderson on the implied warranty claim, that claim did not arise out of the express contract but was implied in law and that as to the express contract claim he, Anderson, was the prevailing party. We agree that Anderson is the prevailing party as to the express contract claim and he is entitled to recover attorney's fees relating to the successful defense of that claim. Therefore, this case is remanded to the trial court for the determination of a reasonable amount of attorney's fees for those services.
We hold that where a plaintiff, in a multi-count complaint, (1) asserts a claim to which is appurtenant a provision for attorney's fees to the prevailing party and, (2) asserts other theories of recovery which do not include provision for prevailing party attorney's fees, one party or the other is a prevailing party as to the cause of action involving those fees independent of which party wins or loses on the other theories of recovery asserted in the same cause. Merely labeling the plaintiff's alternative theories of recovery as being "interrelated claims" is not reason for denying attorney's fees to a party who has prevailed on a claim which includes an entitlement to attorney's fees by the prevailing party. But compare the cases cited in 1 J. Hauser, Attorney's Fees in Florida, Ch. 4, page 25 (1988). As to any particular theory of recovery, if the plaintiff would be entitled to attorney's fees if the plaintiff *721 prevailed, the defendant should be entitled to attorney's fees if the defendant prevails.
The plaintiff's tort claim and claim on the implied in law warranty did not "arise out of" the written contract. Those causes of action existed independent of the written contract. The fact that all theories of recovery are based on the same factual transaction does not mean that all arose out of the written contract which was but one facet in a larger factual scenario.
Some statutory provisions for attorney's fees may require that the person recovering attorney's fees "recover a judgment in his favor"[1] but the provision for contractual attorney's fees in this case does not have any such qualification.
Anderson's motion for attorney's fees is granted and the cause is remanded to the trial judge to determine the amount of a reasonable attorney's fee for the services of Anderson's attorney in successfully defending the express contract claim in this cause.
MOTION GRANTED; CAUSE REMANDED.
DANIEL, C.J., concurs.
COBB, J., concurs in result only.
NOTES
[1] See the cases cited in 1 J. Hauser, Attorney's Fees in Florida, Ch. 4, p. 29 (1988).