**Diana L. MASON, Individually and as Administrator of the Estate of Otis W. Mason, Plaintiff,**

v.

**TEXACO, INC., Defendant.**

Civ. A. No. 78–1337.

United States District Court,
D. Kansas.

Aug. 13, 1990.

See also 741 F.Supp. 1472.

---

MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is before the court on the motion of plaintiff pursuant to Fed.R.Civ.P.

54(d) to vacate the assessment of costs against plaintiff. Following defendant's successful appeal of the first trial in this case, 862 F.2d 242, the clerk taxed appellate costs against plaintiff. Prior to the second trial, plaintiff made a motion to set aside this assessment under Fed.R.Civ.P. 54(d), arguing that there is no prevailing party until a case remanded for a new trial has been retried. The court denied plaintiff's motion, indicating that it might revisit this issue should plaintiff prevail upon retrial. Plaintiff obtained a favorable verdict upon retrial and now asks that the assessment of appellate costs be vacated.

As set forth in the court's previous order, Fed.R.App.P. 39(a) provides the controlling rule for this issue:

> Except as otherwise provided by law, ... if a judgment is reversed, costs shall be taxed against the appellee unless otherwise ordered; ....

Because the Tenth Circuit made no order directing otherwise, this court was required to assess costs of the appeal against plaintiff.

Plaintiff's present argument confuses the distinction between appellate costs assessed to the prevailing party on appeal and trial costs assessed under Fed.R.Civ.P. 54(d) to the prevailing party in the trial court. Irrespective of the disposition of this case upon retrial, defendant was the prevailing part on appeal from the first trial. Thus, the assessment of costs for defendant's expenses on appeal may not be extinguished by the fact that plaintiff has prevailed in subsequent proceedings. *See Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 131 (5th Cir.1983).

IT IS BY THE COURT THEREFORE ORDERED that plaintiff's motion to vacate taxation of costs (Dkt. No. 489) be denied.