PER CURIAM.
This court in Lochrane Engineering, Inc. and Frank N. Anderson v. Willingham Realgrowth Investment Fund, Ltd., 563 So.2d 719 (Pla. 5th DCA 1990), rev. denied, 574 So.2d 145 (Fla.1990) held:
We agree that Anderson is the prevailing party as to the express contract claim and he is entitled to recover attorney’s fees relating to the successful defense of that claim. Therefore, this case is remanded to the trial court for the determination of a reasonable amount of attorney’s fees for these services. [Emphasis added.]
On remand, the newly assigned trial judge determined that “said defendant is not entitled to fees”[1] and awarded no attorney’s fees even though directed to do so by this court. It cannot always be expected that a trial court will agree with the opinion of the appellate court; nevertheless, it can and must be expected — under the order of things — that the trial court will comply with the mandate of the appellate court.[2]
We will try once again. We agree that Anderson is the prevailing party as to the express contract claim and he is entitled to recover attorney’s fees relating to the successful defense of that claim. Our previous opinion made this the law of the case. Therefore, this case is remanded to the trial court for determination of a reasonable amount of attorney’s fees.
REVERSED and REMANDED for strict compliance herewith.
DAUKSCH, W. SHARP and HARRIS, JJ., concur.

. The explanation for the court’s action is in the transcript:
Here you are not a plaintiff who has won substantial relief; you’re a defendant who has lost the case. And it just doesn’t comport with reason that you be entitled to come in and seek these under all the facts and circumstances here, thus the court determining that you really haven’t been the prevailing party under the contract.

. See Nicholson v. Ariko, 565 So.2d 843 (Fla. 5th DCA 1990):
The mandate of an appellate court is a final judgment in the cause, and compliance is a ministerial act to be performed by the trial court. [Citations omitted.] It is the duty of the trial court to enforce the mandate and not to stray from it. [Citations omitted.]