KAHN, J.
May a party that prevailed in an earlier appeal, but ultimately lost the case, be required, as part of an order taxing costs at the conclusion of the case, to disgorge amounts taxed in its favor as the prevail *1260 ing party in the earlier appeal? Here, the trial court concluded that appellee, as the ultimate prevailing party, should recover the costs it previously paid to appellant, after appellant prevailed in the earlier appeal. We reverse, because an order taxing appellate costs is subject to entry immediately upon conclusion of the appeal and is not dependent upon the ultimate outcome of the case, nor upon a prevailing party analysis at the ultimate outcome of the case.
Appellant Centennial Mortgage, Inc. (Centennial) filed a complaint for declaratory judgment against appellee SG/SC, Ltd. (SG/SC). The suit involved interpretation of an agreement to purchase an apartment complex. Almost simultaneously, SG/SC filed an action for specific performance under the agreement against Centennial. The actions were consolidated and, after a non-jury trial, the circuit court ruled that Centennial had breached the contract and, therefore, granted SG/SC’s request for specific performance. Centennial sought review in this court. We found that the trial court had erroneously excluded certain proffered evidence and accordingly reversed and remanded the case. See Centennial Mortgage, Inc. v. SG/SC, Ltd., 772 So.2d 564 (Fla. 1st DCA 2000).
As the prevailing party in the first appeal, Centennial recovered its appellate costs in the amount of $87,957.35. In a second trial, SG/SC once again obtained an order of specific performance. This court then affirmed the ruling. See Centennial Mortgage, Inc. v. SG/SC, Ltd., 819 So.2d 754 (Fla. 1st DCA 2002)(Table).
After prevailing in the second trial and the second appeal, SG/SC sought an award of its costs at the trial and appellate level, including the $87,957.35 previously paid to Centennial after the first appeal. In the order we now review, the circuit court awarded SG/SC the first appeal costs. Centennial appeals from the costs judgment, arguing that the trial court had no legal authority to award costs previously taxed in favor of Centennial after the first appeal.
Recovery of appellate costs is controlled by Rule 9.400(a), Florida Rules of Appellate Procedure. The rule is actually quite straightforward: “Costs shall be taxed by the lower tribunal on motion served within 30 days after issuance of the mandate.” The rule further provides that taxable costs shall include “(1) fees for filing and service of process; (2) charges for preparation of the record; (3) bond premiums; and (4) other costs permitted by law.” The trial court here was apparently persuaded that costs paid after an earlier appeal would fall under the category of other costs permitted by law.
The case law construing Rule 9.400 persuades us that an award of costs after a successful appeal may not be conditioned upon the ultimate outcome of the case. The prevailing party in an appeal is “entitled to then recover his cost judgment and enjoy an immediate writ of execution.” Di Teodoro v. Lazy Dolphin Dev. Co., 432 So.2d 625, 626 (Fla. 3d DCA 1983). The trial court may not require the party prevailing on the earlier appeal to await the ultimate disposition of the case. Id.; see also, Lucas v. Barnett Bank of Lee County, 732 So.2d 405 (Fla. 2d DCA 1999) (holding that prevailing appellants were entitled to an immediate award of appellate costs and reduction of award to judgment capable of execution even though the action had not yet been finally resolved in the trial court).
Here, SG/SC has argued that determination of the prevailing party cannot be made until the entire case is concluded. This construction does not, however, apply to Rule 9.400(a). The prevailing party un *1261 der that rule is “the party who prevailed in the appellate proceeding that was the subject of the motion to tax costs, and not necessarily the party who ultimately prevails] after the completion of all of the litigation.” Stringer v. Katzell, 695 So.2d 369, 370 (Fla. 4th DCA 1997). Similarly, the Second District has recently held that the prevailing party in an earlier appeal is entitled to a cost award “without regard to whether they ultimately prevail in the trial court proceeding.” Dahly v. Dep’t of Children & Family Serv., 845 So.2d 350, 351 (Fla. 2d DCA 2003). Although none of the cases we have reviewed above specifically addresses the question raised in this appeal, we conclude that by unconditionally requiring an immediate award of appellate costs, these cases, in essence, resolve the present uncertainty.
We note that Federal case law construing Rule 39, Federal Rules of Appellate Procedure, supports our construction. That rule, governing recovery of costs on appeal, “dictates that the disposition of the appeal is the deciding factor in the assessment of appellate costs. It has no relevance to the trial costs.” Studiengesellschaft Kohle mbH v. Eastman Kodak Co., 713 F.2d 128, 131 (5th Cir.1983). Similarly, “the assessment of costs for defendant’s expenses on appeal may not be extinguished by the fact that plaintiff has prevailed in subsequent proceedings.” Mason v. Texaco, Inc., 131 F.R.D. 697 (D.Kan.1990).
We do not discount the force of SG/SC’s equitable argument in the present case. Generally speaking, costs represent “a judicial attempt to make the winning party as whole as he was prior to the litigation.” Otis Elevator Co. v. Bryan, 489 So.2d 1189, 1190 (Fla. 1st DCA 1986). Nevertheless, Rule 9.400 contains no provision for equitable setoff or adjustment after a case is concluded, and the case law construing the rule uniformly defines “prevailing party” as the party who prevailed on the appeal, not in the underlying case.
REVERSED and REMANDED for proceedings consistent with this opinion.
WEBSTER and VAN NORTWICK, JJ., concur.