875 So.2d 669 (2004)
Roy H. PAYNE, Jr. and Elizabeth Burger-Payne, Appellants,
v.
CUDJOE GARDENS PROPERTY OWNERS ASSOCIATION, INC., Appellee.
No. 3D03-1109.
District Court of Appeal of Florida, Third District.
May 5, 2004.
Rehearing Denied June 30, 2004.
Francis H. Muldoon, Jr., for appellants.
Morgan & Hendrick and James T. Hendrick; Warren D. Tochterman, for appellee.
Before LEVY, GREEN, and FLETCHER, JJ.
GREEN, J.
On this, the third appeal of this case before this court, the appellants/homeowners challenge the trial court's determination that they were not the prevailing parties for purposes of attorney's fees and costs in a dispute over a deed restriction set-back requirement. We conclude that because the Cudjoe Gardens Property Owners Association ("the association") prevailed on the significant issue in this case, the trial court did not abuse its discretion when it declined to award attorney's fees to the appellants/homeowners. Accordingly, we affirm.
Appellants Roy and Elizabeth Payne purchased a lot and built a home on it in the subdivision of Cudjoe Gardens in Monroe County, which is governed by the association. The subdivision, by property deeds, contains a Declaration of Restriction *670 which subjects all of the properties to set-back restrictions. Moreover, all building plans for new development and/or modifications to existing structures require prior approval from the association.
The Paynes commenced construction on their home without submitting building plans to the association for its approval. The association instituted this action against the Paynes seeking an injunction on the grounds that their home was built in direct violation of the deed restriction set-back requirement. Prior to a disposition of this action, the Paynes completed construction of their home. The association thereafter amended its complaint to invoke the equity jurisdiction of the courts and to join six additional property owners of the subdivision. The Paynes answered the amended complaint and raised various affirmative defenses.
The Paynes initially filed a motion to dismiss on grounds that the association lacked standing to bring suit to enforce the deed restrictions. This motion was granted but reversed by this court on the first appeal. See Cudjoe Gardens Prop. Owners Ass'n, Inc. v. Payne, 770 So.2d 190, 190 (Fla. 3d DCA 2000). During the pendency of the above appeal, in October 2000, the Paynes entered into a contract for the purchase of an adjacent lot for the purpose of curing the violation of the set-back requirement. The Paynes purchased this lot and subsequently annexed it in February 2001.
On remand from the first appeal, the Paynes moved for summary judgment on the grounds that several members of the association were also in violation of the deed restriction setbacks, and that the association had failed to provide them with written notification of the violations as required by bylaws prior to filing suit. This motion for summary judgment was initially granted by the trial court, but later vacated on rehearing. Thereafter, the association filed its own motion for summary judgment on the grounds that the Paynes were barred from seeking relief because they failed to file building plans seeking a variance as required. The trial court granted the association's motion for summary judgment despite the Paynes' arguments that discovery was outstanding on these issues. The trial court also granted attorney's fees to the association and precluded any further hearing with the exception of motions to assess attorney's fees.
The Paynes appealed this summary judgment in the second appeal before this court. We reversed the final summary judgment on grounds that it was entered prematurely where material discovery was still pending. See Payne v. Cudjoe Gardens Property Owners Ass'n, Inc., 837 So.2d 458, 461 (Fla. 3d DCA 2002). On remand, discovery continued. On the eve of the hearing on the Paynes' motion to compel the production of certain documents, the association filed a "Suggestion of Mootness", in which it claimed that the case was moot because of the Paynes' purchase of the adjacent lot and its annexation had now brought the Paynes' property in compliance with the deed restrictions. In its "Suggestion of Mootness," the association also waived its claim for attorney's fees.
The lower court dismissed the association's second amended complaint as moot. The Paynes moved for costs and attorney's fees on grounds that they became the prevailing party when the association waived its entitlement to attorney's fees and costs. The trial court denied this motion for fees and costs based upon its conclusion that the association was the prevailing party in this case because it had caused the Paynes to come into compliance with the deed restriction set-back requirement.
The Paynes timely instituted this appeal. They assert that the trial court abused its *671 discretion in not deeming them the prevailing parties for purposes of attorney's fees and costs. They argue that the association mooted its own case by waiving its entitlement to attorney's fees and costs. We disagree because the issue of fees and costs was simply not the prevailing or significant issue in this case.
A determination of attorney's fees rests within the sound discretion of the trial court and will not be disturbed absent a showing of abuse of discretion. See Anglia Jacs & Co. v. Dubin, 830 So.2d 169, 171 (Fla. 4th DCA 2002). The test for determining the prevailing party for purposes of attorney's fees and costs, set forth in Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) and adopted by the Florida Supreme Court in Moritz v. Hoyt Enters., Inc., 604 So.2d 807 (Fla.1992), is whether the party "succeed[ed] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Id. at 809-10 (quoting Hensley, 461 U.S. at 433, 103 S.Ct. 1933). The Moritz court also stated that the fairest test for a determination of the prevailing party is to allow the trial judge to determine from the record which party in fact prevailed on the significant issues tried before the court. Id. at 810.
Contrary to the Paynes' argument, in the instant case the most significant issue raised in the association's second amended complaint was the Payne's alleged violation of deed restriction setbacks, not the association's requests for attorney's fees and costs. Indeed the association's requests for attorney's fees and costs can be deemed only ancillary to the main relief sought. When the Paynes' voluntarily purchased the adjoining lot and had it annexed to bring their property into compliance with the deed restrictions, they themselves mooted out the significant issue to be litigated in this case. Their voluntary compliance with the deed restrictions was the functional equivalent of a judgment or verdict in favor of the plaintiff/association, thus making the association entitled to an award of attorney's fees and costs as the prevailing party. See Augustin v. Health Options of S. Fla., Inc., 580 So.2d 314, 315 (Fla. 3d DCA 1991) (holding that when defendant made full payment to physician during pendency of action as prayed for in the complaint, it necessarily mooted out the action and was the functional equivalent of a plaintiff's verdict or judgment for purposes of fees). See also State of Fla. Dep't of Health and Rehab. Servs. v. Hall, 409 So.2d 193, 195 (Fla. 3d DCA 1982)(finding that employee "prevailed," for purposes of fees and costs where HRS voluntarily and unilaterally annulled all disciplinary action taken against her during pendency of her appeal before the commission). The fact that the association subsequently waived its entitlement to attorney's fees and costs does not alter its status as the prevailing party on the significant issue litigated in this cause.
Thus, we affirm the order denying fees and costs to the appellants/homeowners.
Affirmed.