SCHWARTZ, Chief Judge.
This case began when an estate which owns Monroe County real property sued the appraiser to reduce its 1999 tax assessment. In due course, the trial court found in its favor on the merits. On rehearing, however, the action was concededly-prop-erly-dismissed for lack of subject matter jurisdiction because the taxpayer did not pay the 2000 and 2001 taxes as required by section 194.171(5), Florida Statutes (2002). See Bystrom v. Diaz, 514 So.2d 1072 (1987). The appraiser then filed a motion to tax costs in his favor as the “party recovering judgment”[1] under section *592 57.041(1), Florida Statutes (2002) (“The party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment....”). The trial judge denied the motion and the appraiser appeals. We reverse on the holding that, as the statute provides, he is entitled to an award of his taxable costs.
As we said in Weitzer Oak Park Estate, Ltd. v. Petto, 573 So.2d 990, 991 (Fla. 3d DCA 1991), under the statute, “every party who recovers a judgment in a legal proceeding is entitled as a matter of right to recover lawful court costs, and a trial judge has no discretion to deny costs to the parties recovering judgment.” Globe Auto Imports, Inc. v. Golden, 567 So.2d 899, 900 (Fla. 2d DCA 1990); Oriental Imports, Inc. v. Alilin, 559 So.2d 442 (Fla. 5th DCA 1990); see also Tacher v. Mathews, 845 So.2d 332, 333-35 (Fla. 3d DCA 2003); Thornburg v. Pursell, 476 So.2d 323, 324 (Fla. 2d DCA 1985); Kendall East Estates, Inc. v. Banks, 386 So.2d 1245 (Fla. 3d DCA 1980). Because there is no question that the defendant appraiser was the successful “party recovering judgment” in the form of a final dismissal with prejudice, the plain terms of the statute require reversal.
The only even arguable position asserted to the contrary[2] is based on the claim that because the appraiser’s costs were expended in defense of the action on the merits, they had nothing to do with the reason he won the case. Thus, it is claimed, the costs served no “useful purpose,” see Southeast Florida Cable, Inc. v. Islandia I Condominium Ass’n, 661 So.2d 91 (Fla. 4th DCA 1995), and should therefore not be taxed. This position, for which we find no authority, see 20 Am.Jur.2d Costs § 13 (1995), is unacceptable. The application of the statute turns not on the ground upon which the favorable judgment is based, but merely upon its existence. The decisions make clear that the ultimate-judgment-getter is entitled to the costs reasonably incurred throughout the litigation, including at those stages in which he may have been less than successful. See Thornburg, 476 So.2d at 323; Hendry Tractor Co. v. Fernandez, 432 So.2d 1315 (Fla.1983); see also Lake Region Paradise Island, Inc. v. Graviss, 323 So.2d 610 (Fla. 2d DCA 1975) (costs not taxable against party causing mistrial; determination of entitlement to costs must await final judgment).[3] As the *593 First District Court of Appeal has pointed out:
Generally speaking, costs represent “a judicial attempt to make the winning party as whole as he was prior to the litigation.” Otis Elevator Co. v. Bryan, 489 So.2d 1189, 1190 (Fla. 1st DCA 1986).
Centennial Mortgage, Inc. v. SG/SC, Ltd., 864 So.2d 1258, 1261 (Fla. 1st DCA 2004). Under the statute and cases, the appraiser was entitled to get back all that he reasonably expended in defense of the case he won.
Accordingly, the order under review is reversed and the cause remanded to grant the motion to tax costs in favor of the appellant.
Reversed.

. We note that, in certain contexts, there may or may not, see Spring Lake Improvement District v. Tyrrell, 868 So.2d 656 (Fla. 2d DCA 2004), be a distinction between the objectively *592 determinable expression, "party recovering judgment,” under section 57.041, Florida Statutes (2002), and the much more legally slippery term, "prevailing party,” which is employed in many attorney's fees and costs provisions. See and compare Payne v. Cudjoe Gardens Property Owners Ass’n, 875 So.2d 669, 2004 WL 957247 (Fla. 3d DCA 2004); Padow v. Knollwood Club Ass’n, 839 So.2d 744 (Fla. 4th DCA 2003); Simmons v. Schimmel, 476 So.2d 1342 (Fla. 3d DCA 1985), review denied, 486 So.2d 597 (Fla.1986); 51 Island Way Condominium Ass’n v. Williams, 458 So.2d 364 (Fla. 2d DCA 1984), pet. for review denied, 476 So.2d 676 (Fla.1985).

. The answer brief also makes the quite untenable assertion that the appraiser should have discovered the fact itself that the owner had not paid the taxes earlier and was therefore "estopped” from claiming costs thereafter. The meritlessness of this claim is self-evident.

. Centennial Mortgage, Inc. v. SG/SC, Ltd., 864 So.2d 1258 (Fla. 1st DCA 2004) holds that an ultimately successful party may not recover the appellate costs it was required to pay when its opponent was successful on an earlier appeal. The case — with which we do not necessarily agree even on its own facts — is clearly distinguishable because of what the court thought was the effect of Florida Rule of Appellate Procedure 9.400(a), which is, of course, not involved in this case (As an aside, we have difficulty in understanding why that rule, which requires the payment of costs to a successful party on appeal, should preclude the return of those sums when the other side ultimately prevails.)