958 So.2d 474 (2007)
Mary SBORY, Individually and as Personal Representative of the Estate of Joseph N. Sbory, Deceased, Appellant,
v.
AMERICAN OPTICAL CORPORATION, et al., Appellees.
No. 4D06-408.
District Court of Appeal of Florida, Fourth District.
May 16, 2007.
Rehearing Denied June 27, 2007.
David A. Jagolinzer and Case A. Dam of the Ferraro Law Firm, Coral Gables, for appellant.
James H. Wyman of Hinshaw & Culbertson LLP, Fort Lauderdale, for appellee Goulds Pumps, Inc.
POLEN, J.
Appellant, Mary Sbory, appeals the trial court's grant of final summary judgment in favor of Appellee, Goulds Pumps, Inc. Goulds was one of many defendants below. Mary's husband Joseph, who worked in engine rooms of ships during his time in the Navy, was diagnosed with an asbestos-related disease or injury in 2004. Sbory and his wife Mary filed a complaint against a large number of companies that manufactured or distributed asbestos or asbestos-containing products, including Goulds. Sbory died prior to trial, but after his deposition was taken. Based on conflicting testimony in Sbory's deposition, Goulds filed a motion for summary judgment. Mary opposed the motion, arguing summary judgment would be improper as there were still material issues of fact and discovery had not been completed. The trial court granted the motion. We find the trial court erred in granting summary judgment prior to completion of discovery and reverse.
"Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law." Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). "In reviewing a summary judgment, this court `must consider the evidence contained in the record, including any supporting affidavits, in the light most favorable to the non-moving party . . . and if the slightest doubt exists, the summary judgment must be reversed.'" 5th Avenue Real Estate Development, Inc. v. Aeacus Real Estate Limited Partnership, 876 So.2d 1220, 1221 (Fla. 4th DCA 2004) (quoting Krol v. City of Orlando, 778 So.2d 490, 492 (Fla. 5th DCA 2001)). Summary judgments entered prior to material discovery being completed are premature. See Payne v. Cudjoe Gardens Prop. Owners Ass'n, 875 So.2d 669, 670 (Fla. 3d DCA 2004).
Sbory's deposition testimony, as it related to Goulds, centered around his work with Goulds' pumps, including maintenance and repair work. The pumps were surrounded by asbestos insulation, which was manufactured by another company, as well *476 as having internal asbestos material. Initially, Sbory testified he did internal maintenance on the pumps, which would have indicated he was exposed to the internal asbestos material. However, on cross-examination, Sbory denied ever working on the internal portions of the pumps.
Normally, when there is conflicting deposition testimony, the trial court will not grant summary judgment, as this means there are disputed issues of fact. See Maroone Chevrolet L.L.C. v. SunTrust Bank, 904 So.2d 618 (Fla. 4th DCA 2005). However, this case presents a unique dilemma as Sbory's deposition testimony about his work duties is the only evidence that can be used to determine his exposure to the internal asbestos material in Goulds' pumps, as he is deceased and cannot testify at trial. His wife's deposition indicates she does not know of any coworkers or witnesses that could testify about his work on the ships that exposed him to asbestos. We find this recantation of testimony disposed of the argument that Sbory worked with the pumps' internal asbestos material.
However, as mentioned above, discovery had not been completed in this case. While the external asbestos insulation surrounding the pumps was produced by another manufacturer, Mary argues continued discovery might reveal that Goulds controlled or specified it was necessary to install asbestos insulation around the pumps, thereby linking it to Sbory's asbestos exposure. We agree with Mary's argument. In this case, given the fact that Sbory's death precluded the clarification of his deposition testimony, the only chance for the case against Goulds to move forward was the possibility of discovering that Goulds specified its pumps be insulated with asbestos. Therefore, we find that the completion of discovery in this case is material to Sbory's case. We reverse, with instructions to the trial court to allow the completion of discovery as it relates to Goulds.
GUNTHER and HAZOURI, JJ., concur.