[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 3, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15162
Non-Argument Calendar

_____

D. C. Docket No. 08-00994-CV-T-26TBM

PATRICIA BENCHOUCHAN,

Plaintiff-Counter-
Defendant-Appellant,

versus

VMM ENTERPRISES, INC.,

Defendant-Counter-
Claimant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 3, 2009)

Before BIRCH, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellant Patricia Benchouchan ("Benchouchan") appeals the district court's order finding that neither she nor Appellee VMM Enterprises, Inc. ("VMM") was the "prevailing party" in the underlying arbitration and that therefore neither party was entitled to an award of arbitration expenses. We conclude that Benchouchan did prevail on all claims for which arbitration expenses are available; accordingly, we VACATE the order of the district court and REMAND for further proceedings consistent with this opinion.

## I.

VMM entered into a License and Distribution Agreement ("Agreement") granting Benchouchan exclusive access to its proprietary system, products and other confidential information for use within two zip codes of Los Angeles, California. The Agreement required, inter alia, that any dispute between the parties be submitted to binding arbitration and that, for any action arising "under or otherwise relat[ing] to the terms of this Agreement," the prevailing party would be entitled to full reimbursement of its arbitration expenses from the other party. The Agreement defined "arbitration expenses" as "attorneys' fees, defense costs, witness fees and other related expenses including paralegal fees, travel and lodging expenses and court costs."[1]

---

[1] We refer to these arbitration expenses collectively as "attorneys' fees."

A dispute arose between the parties regarding Benchouchan's performance under the Agreement. VMM brought a demand for arbitration against Benchouchan, asserting claims for breach of contract, violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), interference with contractual and business relationships, trademark infringement in violation of the Lanham Act, trademark infringement in violation of the Florida Trademark Act, and requesting injunctive relief. The parties did not ask the arbitrator to determine entitlement or the amount of attorneys' fees, but they did request that the arbitrator address each allegation of VMM's demand in order to assist the appropriate tribunal in determining entitlement to such fees.

Following a hearing, the arbitrator entered a Final Award of Arbitrator ("Award"). In this Award, the arbitrator addressed VMM's allegations, finding some to be true, some false, and finding that "it was not possible to determine" the validity of others. Ultimately, the arbitrator denied all of VMM's claims for damages and, after finding that Benchouchan was "bound by the terms of the existing Agreement," he granted "[n]o further injunctive relief." The Award ordered the parties to bear equally the cost of the arbitrator and the fees of the arbitration proceeding.

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, Benchouchan filed a

Petition to Confirm the Arbitration Award in the district court, to which VMM responded. Benchouchan then filed a Motion for Summary Judgment, arguing that, as a matter of law, the district court should confirm the Award and declare that Benchouchan is the prevailing party entitled to attorneys' fees, costs and interest thereon. VMM filed its own Motion for Summary Judgment, agreeing that the Award should be confirmed and arguing that it was the prevailing party and entitled to fees and costs or, alternatively, that there was no prevailing party and that each party should bear its own fees and costs.

Noting that the arbitrator (1) found that "VMM proved Bencouchan's breach, and contemplated breach, of portions of the Agreement, but that Benchouchan did not complete, or VMM waived, breaches of the Agreement," (2) ordered Benchouchan to be bound by the terms of the existing Agreement, and (3) decided not to award arbitration fees and expenses to either party, the district court found that neither Benchouchan nor VMM had prevailed. Accordingly, it confirmed the Award, but denied both VMM and Benchouchan's request for attorneys' fees and costs.

Benchouchan appeals. VMM has not filed a response to this appeal.

**II.**

"We review the district court's grant of summary judgment de novo,

applying the same legal standards that bound the district court, and viewing all facts and reasonable inferences in the light most favorable to the nonmoving party." Cruz v. Publix Super Markets, Inc., 428 F.3d 1379, 1382 (11th Cir. 2005) (citation and quotation omitted). Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

**III.**

On appeal, Benchouchan argues that the district court erred in finding that she was not entitled to attorneys' fees under the terms of the Agreement. She also argues that the district court erred in failing to consider whether she was entitled to attorneys' fees and costs under the FDUTPA, the Lanham Act, or the Florida Trademark Act, all of which contain provisions shifting attorneys' fees to the non-prevailing party. Upon review of Benchouchan's Petition to Confirm Arbitration Award and Motion for Summary Judgment, however, we find that she only asked the district court to consider whether she was entitled to attorneys' fees pursuant to the Agreement; she did not claim to be entitled to attorneys' fees under the provisions of the Florida or federal statues. Because she did not raise these arguments before the district court, we will not consider them on appeal. See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004).

5

Accordingly, we only consider whether Benchouchan is entitled to attorneys' fees under the terms of the Agreement.

The Agreement provides that the "prevailing party" on disputes arising under the Agreement is entitled to recover attorneys' fees from the non-prevailing party. The Agreement, by its own terms, is governed by Florida law. Accordingly, the relevant inquiry is whether, under Florida law, Benchouchan would be considered the prevailing party on those claims "arising out of the contract." Lochrane Eng'g, Inc. v. Willingham Realgrowth Inv. Fund, Ltd., 563 So.2d 719 (Fla. Dist. Ct. App. 1990) ("where a plaintiff, in a multi-count complaint, (1) asserts a claim to which is appurtenant a provision for attorney's fees to the prevailing party and, (2) asserts other theories of recovery which do not include provision for prevailing party attorney's fees, one party or the other is a prevailing party as to the cause of action involving those fees independent of which party wins or loses on the other theories of recovery asserted in the same cause."); see also Caulfield v. Cantele, 837 So.2d 371, 379 (Fla. 2002) (finding that plaintiff who prevailed on its fraudulent inducement claim was entitled to contractual attorneys' fees even though it did not prevail on its breach of contract claim because "had there been no contract" there would have been no misrepresentation).

In this case, only VMM's claims for breach of contract and injunctive relief

arise out of the Agreement; had there been no Agreement, VMM could still have asserted its claims under the Lanham Act, the Florida Trademark Act, the FUDTPA and its claim for tortious interference with VMM's other contractual and business relationships. As the Florida Court of Appeals has explained, "[t]he fact that all theories of recovery are based on the same factual transaction does not mean that all arose out of the written contract which was but one facet in a larger factual scenario." Lochrane Engineering, 563 So.2d at 721. The question, therefore, is whether a Florida court would consider Benchouchan to have prevailed on the breach of contract claim and the request for injunctive relief. See Harbaugh v. Greslin, 365 F. Supp. 2d 1274, 1277 (S.D. Fla. 2005) (interpreting Florida law).

Under Florida law, "the party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorneys' fees." Moritz v. Hoyt Enterprises, Inc., 604 So.2d 807, 810 (Fla. 1992). Benchouchan argues that she is the prevailing party because the arbitrator (1) did not award any damages for breach of contract and (2) did not grant an injunction with the terms requested in VMM's demand for arbitration. We agree.

Regarding the breach of contract claim, the arbitrator specifically found that VMM "did not prove any damages as a result of [Benchouchan's] breaches or

7

contemplated breaches of the Agreement." Damages are a required element of a breach of contract claim without proof of which a plaintiff may not prevail. Knowles v. C.I.T. Corp., 346 So.2d 1042, 1043 (Fla. Dist. Ct. App. 1977). The arbitrator's factual finding that Benchouchan breached portions of the Agreement does not change the fact that VMM did not prevail on its claim for damages. Accordingly, because Benchouchan successfully defended against this claim, she is the prevailing party.

Regarding the claim for injunctive relief, VMM had requested an injunction ordering Benchouchan (1) to not breach the Agreement, (2) to not sell or use the products, (3) to not use VMM's confidential information, training, service marks, copyrighted and trademarked materials, (4) to not operate a competing wrapping business, and (5) to not solicit other VMM licensees and clients. The arbitrator – after finding that Benchouchan did not operate a competing business, did not solicit other licensees or clients, did not misuse VMM's confidential information or protected materials, and did not use or sell the product in an unauthorized manner – refused to issue VMM's requested injunction. The arbitrator noted that Benchouchan "is bound by the terms of the existing Agreement;" however, this fact was never contested by Benchouchan. Accordingly, we conclude that Benchouchan also successfully defended against VMM's claim for injunctive relief

8

and, therefore, is the prevailing party.

Because Benchouchan prevailed on the claims arising under the Agreement, we conclude that she is entitled to attorneys' fees. We therefore vacate the district court's order and remand to the district court to determine the amount of expenses and reasonable attorneys' fees for the services of Benchouchan's attorney in successfully defending the claims for breach of contract and injunctive relief.

VACATED AND REMANDED.