IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


STUART W. OLSON,

      Appellant,

 v.                                      Case No.  5D15-4043

PICKETT DOWNS UNIT IV
HOMEOWNER'S ASSOCIATION, INC.,

      Appellee.

_____/

Opinion filed December 2, 2016

Appeal from the Circuit Court
for Seminole County,
Melanie Chase, Judge.

Peter R. McGrath, of Peter R. McGrath,
P.A., Orlando, and James C. Hauser, of
Attorney's Fees in Florida, P.L., Maitland,
for Appellant.

Theodore D. Estes and Jacob D. Flentke, of
Divine & Estes, Orlando, for Appellee.


LAMBERT, J.

      Stuart W. Olson, the defendant below, appeals the final judgment entered following

a nonjury trial in which, pertinent to this appeal, the trial court declined to award attorney's

fees or court costs to either party, having determined that there was no prevailing party

because each party prevailed on "significant issues" in this case.  Olson contends that

the court erred as a matter of law in applying the "significant issues" test and that because he prevailed on the only causes of action for which attorney's fees were recoverable, the court was required to award him attorney's fees. Olson separately argues that he should have also been awarded court costs because he was, in fact, the prevailing party in the case. We agree with both arguments.

Olson owns a home in the platted residential subdivision of Pickett Downs Unit IV, located in Seminole County, Florida. Appellee, Pickett Downs Unit IV Homeowner's Association, Inc. ("Association"), the plaintiff in the underlying action, was organized and incorporated for purposes of operating and maintaining this subdivision. All residential building lots in the subdivision and any improvements constructed on these lots are encumbered by certain restrictive covenants recorded in the public records of Seminole County. Additionally, the homes and lots in the subdivision were subject to the subdivision plat, also recorded in the public records, which provides for a seventy-foot "ingress-egress easement" through the entire subdivision and over all lots, and which extends thirty-five feet from the center line of the easement onto each adjacent lot.

The crux of the dispute between the parties pertains to modifications that Olson made to a roadway drainage swale on his property. The Association claims that Olson's modifications have caused, and continue to cause, water to run off of Olson's property, thereby flooding adjacent lots and the "ingress-egress easement." The Association had requested permission from Olson to perform remedial work on the swale that it believed necessary to prevent the water runoff, but Olson refused.

The Association thereafter filed a four-count complaint against Olson. In count one, the Association sought injunctive relief to enforce the restrictive covenants. It

2

requested that the court order Olson to restore or remedy his drainage swale in such a manner to prevent the water runoff from his property.  In count two, the Association sought declaratory relief pursuant to Chapter 86, Florida Statutes (2011), asking the court to determine that:   (1) Olson's roadway swale is located within the "ingress-egress easement," (2) the Association is entitled to decide whether the swale requires maintenance, and, (3) if so, to permit the Association access to Olson's property to perform this necessary maintenance.  In count three, the Association brought a common law action for private nuisance.  In this count, the Association requested an award of compensatory damages proximately caused by the water runoff from Olson's property and for injunctive relief by the court ordering Olson to reconstruct his swale to its original configuration to eliminate the aforementioned water runoff.  Finally, in count four, the Association sought injunctive relief based upon the alleged interference with the "ingress-egress easement" caused by the water runoff.  The Association requested that the court allow it to have access to Olson's property to permit it to restore the swale to its original condition.  The Association also pleaded for an award of attorney's fees in counts one, two, and four based upon a provision contained in the restrictive covenants that permitted such an award and pursuant to section 720.305(1), Florida Statutes (2011), which provides for an award of attorney's fees to the prevailing party in any action at law or in equity seeking redress for the alleged failure or refusal to comply with the governing documents of the community and/or rules of the Association.

Olson answered the complaint by denying the material allegations and raising several affirmative defenses.  Olson also sought an award of attorney's fees on counts one, two, and four based on the same provision of the restrictive covenants and section

3

720.305(1), as well as the reciprocity provisions of section 57.105(7), Florida Statutes (2011).

Following trial, the court entered final judgment in favor of Olson on counts one and four based upon Olson's affirmative defenses of laches, statute of limitations, and statute of repose. The court also determined that, as a result of its ruling on these two counts, the issues raised in count two became moot, and therefore, the court dismissed that count. Finally, as to count three, the court found that the swale on Olson's property did cause intermittent flooding, but it also specifically found that this flooding did not interfere with the ingress and egress easement. The court further determined that the Association failed to establish any compensatory damages, but it did award the Association nominal damages for the nuisance created by the water runoff. As previously described, the sole issue challenged by Olson in this appeal is the court's denial of his claim for attorney's fees and court costs based on its findings that each party prevailed on significant issues in the case and, therefore, there was no prevailing party in the litigation.

In *Moritz v. Hoyt Enterprises, Inc.*, 604 So. 2d 807 (Fla. 1992), the Florida Supreme Court held that the party prevailing on the "significant issues" in the litigation is the party that should then be considered the prevailing party for the purpose of awarding attorney's fees. *Moritz*, 604 So. 2d at 810. A trial court's determination as to which party prevailed on the significant issues tried before it is reviewed under the abuse of discretion standard. *See id.* However, the determination of which rule of law applies in a particular situation presents a pure question of law, and it is therefore reviewed de novo. *Aills v. Boemi*, 29 So. 3d 1105, 1108 (Fla. 2010) (citing *Kirton v. Fields*, 997 So. 2d 349, 352 (Fla. 2008);

*D'Angelo v. Fitzmaurice*, 863 So. 2d 311, 314 (Fla. 2003)). Because *Moritz* is distinguishable from the present case, we conclude that the trial court erred in applying the "significant issues" test in determining whether to award attorney's fees.

In *Moritz*, the parties' respective claims were based on an alleged breach of their contract, which contained a provision allowing for an award of attorney's fees to the prevailing party in the litigation. 604 So. 2d at 808. In contrast, the present case involves four causes of action, three of which would provide for an award of attorney's fees and one which does not. In *Lochrane Engineering, Inc. v. Willingham Realgrowth Investment Fund, Ltd.*, 563 So. 2d 719 (Fla. 5th DCA 1990), we addressed a similar scenario. There, the plaintiff sued the defendant on three theories: tort, implied warranty, and breach of an express contract that contained a provision for awarding attorney's fees to the prevailing party. *Lochrane*, 563 So. 2d at 720. Following trial, the plaintiff prevailed on the implied warranty claim while the defendant prevailed as to the counts sounding in tort and the express contact. *Id.* The defendant moved for attorney fees, asserting that though the plaintiff recovered a judgment against the defendant on the implied warranty claim, the defendant was the prevailing party as to the express contract claim and entitled to an award of attorney's fees. *Id.* We agreed, holding that

> where a plaintiff, in a multi-count complaint, (1) asserts a claim to which is appurtenant a provision for attorney's fees to the prevailing party and, (2) asserts other theories of recovery which do not include provision for prevailing party attorney's fees, one party or the other is a prevailing party as to the cause of action involving those fees independent of which party wins or loses on the other theories of recovery asserted in the same cause.

*Id.*

5

In the instant case, the Association filed a multi-count complaint and sought an award of attorney's fees for counts one, two, and four pursuant to the restrictive covenants and section 720.305(1). However, the homeowner, Olson, prevailed on each of these three counts. Under these circumstances, the "significant issues" analysis outlined in *Moritz* does not apply, and, consistent with *Lochrane*, Olson is entitled to an award of reasonable attorney's fees incurred regarding these counts.[1]

Turning to the court costs, section 57.041(1), Florida Statutes (2011), provides, in pertinent part, that "[t]he party recovering judgment shall recover all his or her legal costs." We have held that the trial court should apply a "significant issues of the entire case" analysis in determining which party is the "prevailing party" for the purpose of entitlement to costs under this statute. *Granoff v. Seidle*, 915 So. 2d 674, 677 (Fla. 5th DCA 2005). The abuse of discretion standard of appellate review applies when deciding whether the trial court properly determined which party was the prevailing party. *Id.* at 678 (citing *Spring Lake Improvement Dist. v. Tyrrell*, 868 So. 2d 656, 658 (Fla. 2d DCA 2004) (additional citation omitted)). Here again, as stated *supra* in note one, the significant issue of the entire case was whether the court would permit the Association access to the drainage swale on Olson's property to change the swale's present configuration to

---

[1] Even if the "significant issues" test were appropriate in this scenario, we would conclude that the trial court abused its discretion in failing to find that Olson was the prevailing party. The significant issue in this case was whether the court would permit the drainage swale to be modified to preclude further water runoff in the ingress-egress easement and onto adjacent properties. The court did not grant this relief. Although the Association was awarded nominal damages on its common law private nuisance cause of action, under the facts of this case, the Association did not prevail on a significant issue. *See Black's Law Dictionary*, 473 (10th ed. 2014) (defining nominal damages as a "trifling sum awarded when a legal injury is suffered, but there is no substantial loss or injury to be compensated").

6

prevent further water runoff. The Association was denied this relief. Thus, Olson was the prevailing party on the significant issue, notwithstanding the court's award of nominal damages to the Association on count three, and the trial court abused its discretion in ruling otherwise. *See Zhang v. D.B.R. Asset Mgmt., Inc.*, 878 So. 2d 386, 387 (Fla. 3d DCA 2004) ("Simply because a party has obtained some economic benefit as a result of litigation, does not necessarily mean that party has succeeded on the major issue in the case." (citations omitted)).

Accordingly, we reverse that aspect of the final judgment denying Olson his attorney's fees and court costs and remand for the trial court to determine and award Olson the reasonable amount of attorney's fees incurred on counts one, two, and four[2] and to also award Olson taxable court costs for the entire case.

REVERSED and REMANDED.

LAWSON, C.J., and SAWAYA, J., concur.

---

[2] We reject, without further discussion, the Association's separate arguments that Olson should not be awarded attorney's fees for counts two and four.