# Third District Court of Appeal

## State of Florida

Opinion filed August 17, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1553
Lower Tribunal No. 20-986
_____

**The Collins Condominium Association, Inc., etc.,**
Appellant,

vs.

**Fernando Riveiro, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Cole, Scott & Kissane, P.A., and Lissette Gonzalez and Carly M. Weiss, for appellant.

Tripp Scott, P.A., and John M. Mullin and Robert L. Scheppske III (Fort Lauderdale), for appellee.

Before EMAS, SCALES and GORDO, JJ.

PER CURIAM.

Appellant Collins Condominium Association, Inc. ("Association"), the defendant below, appeals a June 29, 2021 final judgment, and an underlying January 15, 2021 entitlement fee order, awarding prevailing party attorney's fees to the plaintiff below, appellee Fernando Riveiro. The Association argues that because Riveiro voluntarily dismissed his complaint against the Association, it, rather than Riveiro, was the prevailing party below and, therefore, the trial court should have granted the Association's fees motion and awarded it prevailing party attorney's fees in this case.

While a plaintiff's voluntary dismissal of a complaint normally will render a defendant the "prevailing party" for the purposes of attorney's fee entitlement, see Thornber v. City of Ft. Walton Beach, 568 So. 2d 914, 919 (Fla. 1990), an exception to this general rule applies where the voluntary dismissal occurs because the defendant's actions effectively mooted the case. See Padow v. Knollwood Club Ass'n, 839 So. 2d 744, 746 (Fla. 4th DCA 2003) (concluding that the defendant unit owner "cannot be a 'prevailing party' within the meaning of section 718.303(1) [of the Florida Statutes] because he paid the substantial part of the association's claim for delinquent assessments prior to the voluntary dismissal"). In this case, Riveiro's complaint sought to enjoin the Association "from denying [Riveiro] the right to install an effective safety barrier that satisfies local building codes

around the perimeter of his outdoor balcony/porch area without time and use restrictions." After the Association installed pool alarm devices on the sliding glass doors of Riveiro's units, Riveiro voluntarily dismissed his complaint. Notwithstanding that City of Miami Beach code enforcement proceedings initiated by Riveiro may have been the direct catalyst for the Association's actions, the trial court concluded that Riveiro had substantially prevailed in the litigation by obtaining the relief Riveiro had sought, and that Riveiro voluntarily dismissed his complaint not because he was destined to lose on the merits, but, rather, because the Association's actions had rendered his lawsuit moot.

We have carefully reviewed the record in this case and are compelled to affirm because, under this case's unique facts and procedural background, we are unable to conclude that the trial court, in determining that Riveiro was the prevailing party on the significant issue in the litigation, abused its discretion. See Moritz v. Hoyt Enters., Inc., 604 So. 2d 807, 810 (Fla. 1992) ("[T]he party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney's fees."); Olson v. Pickett Downs Unit IV Homeowner's Ass'n, 205 So. 3d 869, 872 (Fla. 5th DCA 2016) ("A trial court's determination as to which party prevailed on the significant issues tried before it is reviewed under the abuse of

3

discretion standard."); <u>Bessard v. Bessard</u>, 40 So. 3d 775, 778 (Fla. 3d DCA 2010) (concluding that the trial court did not abuse its discretion in determining the plaintiffs were entitled to attorney's fees and costs as the prevailing party where the defendant's post-suit "actions necessarily mooted the complaint and was the functional equivalent of a judgment or verdict in favor of the [plaintiffs]"); <u>Payne v. Cudjoe Gardens Prop. Owners Ass'n</u>, 875 So. 2d 669, 671 (Fla. 3d DCA 2004) (concluding, in an injunction action to enforce deed restrictions, that the trial court did not abuse its discretion in finding the plaintiff homeowner association was the prevailing party where the defendant homeowners had mooted the litigation by voluntarily complying with the deed restrictions); <u>Augustin v. Health Options of S. Fla., Inc.</u>, 580 So. 2d 314, 314 (Fla. 3d DCA 1991) (determining that the defendant's full payment of the amounts sought "necessarily mooted the instant action" and "therefore entitled the plaintiff to an award of attorney's fees . . . as the prevailing party below").

Affirmed.