[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

———————————————

No. 22-14196

———————————————

INTAMIN AMUSEMENT RIDES INT. CORP. EST.,

 Plaintiff-Counter Defendant-Appellant,

*versus*

US THRILLRIDES, LLC,
POLERCOASTER, LLC,

 Defendants-Counter Claimants-Appellees.

———————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:20-cv-00713-CEM-DCI

———————————————

Before ROSENBAUM, ABUDU, and TJOFLAT, Circuit Judges.

PER CURIAM:

Intamin Amusement Rides Int. Corp. Est. ("IAR Liechtenstein") appeals an order denying its motion for attorney's fees. Upon consideration of the parties' briefing, the record, and the relevant law, we affirm the district court's decision.

## I.    Background

### A.  Factual Background

US Thrill Rides, LLC ("USTR"), and Polercoaster, LLC ("Polercoaster") (collectively, "Appellees"), are limited-liability companies that hold the intellectual property rights as well as the rights to sell and market the Polercoaster, a type of rollercoaster. Appellees partner with other companies to manufacture and install the ride.

On January 15, 2015, USTR, Polercoaster, and William Kitchen, the owner of those two companies, entered into a contract with IAR Liechtenstein. The contract—the Confidentiality and Non-Disclosure Agreement ("CNDA")—protected Appellees' intellectual property and confidential information while the parties began to discuss "a possible business transaction." The CNDA provides that "[i]f either party employs attorneys to enforce any rights arising out of or relating to this Agreement, the prevailing party, as determined by the finder of fact, shall be entitled to recover reasonable attorneys' fees." But it doesn't state whether the parties would

go to court or to arbitration to resolve disputes. Florida law governs the CNDA.

With this confidentiality agreement in place, Appellees considered and ultimately selected IAR Liechtenstein to manufacture a Polercoaster that Appellees were selling to SkyPlex Ownership Company, LLC, in Orlando, Florida (the "Orlando Project"). IAR Liechtenstein decided to have International Amusements, Inc. ("IAI"), an entity based in the United States, as its "contracting entity" for this second contract. So on May 28, 2015, IAI and Polercoaster entered into the Polercoaster Master Intellectual Property Agreement ("MIPA") to protect Polercoaster's intellectual property. Under this confidentiality agreement, "[a]ny dispute, controversy[,] or claim arising out of or relating to this Agreement or the interpretation, breach, termination[,] or validity thereof" must be settled through arbitration.

Three years later, Appellees contracted with Emaar Entertainment, LLC ("Emaar"), to sell, manufacture, and install a Polercoaster in Dubai (the "Dubai Project"). Appellees contacted IAR Liechtenstein with a proposal to build and install the Polercoaster for the Dubai Project, but IAR Liechtenstein declined this additional project, citing its existing production schedule. Shortly after, Appellees received notice that the Dubai Project was canceled.

Appellees later learned that IAR Liechtenstein was building "a knock-off of the Polercoaster" for Emaar in the same location as the Dubai Project. Following this discovery, Appellees concluded that IAR Liechtenstein and IAI had "br[oken] all of the promises

made in connection with the Orlando project and us[ed] all of [their] proprietary information." To recover their losses, on March 24, 2020, Appellees initiated arbitration proceedings against IAR Liechtenstein and IAI for various contract, tort, and statutory claims.

### B.  Procedural History

Soon after, IAR Liechtenstein filed this federal-court action to obtain a declaratory judgment and related injunctive relief to prevent Appellees from continuing to pursue arbitration. It framed the controversy in terms of two questions: first, "whether IAR Liechtenstein is bound by the MIPA's arbitration provision," and second, "whether the CNDA contains any agreement by IAR Liechtenstein to arbitrate disputes with [Appellees] arising under the CNDA."

Appellees denied IAR Liechtenstein's allegations, raised five affirmative defenses, and brought one counterclaim. In each of their affirmative defenses, Appellees alleged that IAR Liechtenstein was bound by the MIPA because of its relationship with IAI—based on theories of estoppel, agency, alter ego, permitted allowed assignee, and third-party beneficiary. And in their counterclaim, Appellees asked for a declaratory judgment that IAR Liechtenstein "is bound by a valid arbitration agreement and is required to arbitrate."

After other pre-trial proceedings, IAR Liechtenstein moved for partial summary judgment to obtain "a declaratory judgment that it is not a party to the [MIPA] or its arbitration provision[] and

has not consented to arbitrate disputes with [Appellees]." IAR Liechtenstein argued that it wasn't a party to the MIPA, so it had not agreed to arbitration. It also asserted that Appellees' affirmative defenses all failed to establish that IAR Liechtenstein was bound by the MIPA. Neither IAR Liechtenstein nor Appellees mentioned the CNDA in their briefing outside their statements of facts.

The district court granted IAR Liechtenstein's motion. In summarizing that motion, the district court explained that IAR Liechtenstein argued that it wasn't a signatory to the MIPA or otherwise bound by the MIPA and its mandatory arbitration clause. The district court considered only the arguments IAR Liechtenstein raised in its briefing and didn't discuss the CNDA. And in the order that followed, the district court "declar[ed] that [IAR Liechtenstein] is not a party to the [MIPA] or its arbitration and . . . is not required to participate in the AAA Arbitration related to this matter."

Having obtained the result it sought, IAR Liechtenstein moved for attorney's fees under the CNDA's fee provision. Following briefing and a hearing on the motion, the magistrate judge issued a report and recommendation ("R & R") recommending that the district court deny the fee motion. It explained that the district court had "specifically determined that [IAR Liechtenstein] was the prevailing party with respect to the terms of the MIPA" in a ruling entirely unrelated to the CNDA. The district court adopted the R & R over IAR Liechtenstein's objections and denied the fee motion. In its order, the district court clarified that (1) the CNDA wasn't the

issue on summary judgment; (2) its summary-judgment order "could have been drafted without any reference to the [C]NDA whatsoever"; and (3) any reference to the CNDA in the pleadings didn't affect the district court's summary-judgment order. This appeal followed.

## II.    Standard of Review

The parties dispute the standard of review we apply to an order denying a motion for attorney's fees. IAR Liechtenstein argues that we should apply *de novo* review because we generally review *de novo* questions of law, such as the interpretation of contractual provisions and the application of state law. *Johnson Enters. of Jacksonville v. FPL Grp., Inc.*, 162 F.3d 1290, 1329 (11th Cir. 1998). Appellees, on the other hand, contend that we must apply clear-error review since we are reviewing the district court's application of the MIPA to the facts. *Air Turbine Tech., Inc. v. Atlas Copco AB*, 336 F. App'x 986, 988 (Fed. Cir. 2009) (citing *Davis v. Nat'l Med. Enters.*, 253 F.3d 1314, 1318–19 (11th Cir. 2001); *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1293 (11th Cir. 1999)).

Both parties are mistaken. We review a district court's denial of a motion for attorney's fees for abuse of discretion. *AcryliCon USA, LLC v. Silikal GMBH & Co.*, 46 F.4th 1317, 1324 (11th Cir. 2022) (citing *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1163 (11th Cir. 2017)). The district court abuses its discretion when it "commits a clear error of judgment, fails to follow the proper legal standard or process for making a determination, or relies on clearly erroneous findings of fact." *Yellow Pages Photos, Inc.*, 846 F.3d

at 1163 (per curiam) (citing *Gray ex rel. Alexander v. Bostic*, 613 F.3d 1035, 1039 (11th Cir. 2010)).  In addition, we review *de novo* the district court's interpretation of a contract's fee-shifting provision. *AcryliCon USA, LLC*, 46 F.4th at 1324 (citing *Frankenmuth Mut. Ins. Co. v. Escambia County*, 289 F.3d 723, 728 (11th Cir. 2002)).

### III.    Discussion

Under Florida law, litigants are responsible for their own attorney's fees absent a statute or contractual agreement to award these fees to the prevailing party. *Price v. Tyler*, 890 So. 2d 246, 250 (Fla. 2004) (collecting cases).  Here, IAR Liechtenstein asserts that the CNDA authorizes it to recover attorney's fees for succeeding on its declaratory-judgment claim.  It claims that we should reverse the district court's denial of its fee motion because (1) the underlying action was "always about which of two contracts controlled the parties' relationship," and (2) the district court ignored the express terms of the CNDA's fee provision.  We disagree.

First, the district court correctly determined that IAR Liechtenstein wasn't entitled to attorney's fees under the CNDA because the underlying action had nothing to do with that contract.  Florida allows prevailing parties to rec over attorney's fees under a contractual fee provision in cases where the "parties enter into a contract and litigation later ensues over that contract." *Katz v. Van Der Noord*, 546 So. 2d 1047, 1049 (Fla. 1989) (per curiam).  But a party may recover only those fees "for the legal work associated with [a] claim" made under that contract. *Plapinger v. E. States Properties Realty Corp.*, 716 So. 2d 315, 317 (Fla. Dist. Ct. App. 1998) (citing *Folta*

*v. Bolton*, 493 So. 2d 440 (Fla. 1986); *Lochrane Eng'g, Inc. v. Willingham Realgrowth Inv. Fund, Ltd.*, 563 So. 2d 719 (Fla. Dist. Ct. App. 1990)). So in cases when, as here, the plaintiff alleges multiple claims—some claims under a contract with a fee-shifting provision and other claims under another theory of recovery—the prevailing party is entitled to recover attorney's fees for its success on only those claims made under the contract with the fee provision. *See Lochrane Eng'g, Inc.*, 563 So. 2d at 720.

To recover attorney's fees under the CNDA, IAR Liechtenstein needed to assert a claim under the CNDA and also win on that theory of recovery. In its complaint, IAR Liechtenstein set out two theories of recovery—one, that the CNDA doesn't require it to submit to arbitration, and two, that it wasn't bound by the MIPA's arbitration provision. In moving for partial summary judgment, though, IAR Liechtenstein proceeded under only the second theory of recovery. Not once in its argument did IAR Liechtenstein so much as mention the CNDA. And following basic principles of party presentation, *United States v. Campbell*, 26 F.4th 860, 872 (11th Cir. 2022) (en banc), the district court considered the arguments in the briefing and concluded only that IAR Liechtenstein wasn't bound by the [MIPA] or its arbitration clause. Stated differently, the summary-judgment proceedings were never about which contract controlled; rather, those proceedings were about whether IAR Liechtenstein was bound by the MIPA. IAR Liechtenstein cannot recover fees for a claim it didn't litigate or vindicate.

Second, the express terms of the CNDA's fee provision confirm that IAR Liechtenstein isn't entitled to attorney's fees. Under the CNDA, a party is entitled to attorney fees if (1) it "employs attorneys to enforce any rights arising out of or relating to [the CNDA]," and (2) the factfinder determines that the party is the "prevailing party." IAR Liechtenstein didn't satisfy either condition.

As to the first condition, IAR Liechtenstein didn't "enforce any rights arising out of or relating to" the CNDA. A claim arises out of or relates to a contract if it at least "raise[s] some issue the resolution of which requires reference to or construction of some portion of the contract." *Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 638 (Fla. 1999) (collecting cases). In the summary-judgment proceedings, IAR Liechtenstein enforced its right not to be compelled to submit to arbitration. But that right exists independent of the CNDA. *Seifert*, 750 So. 2d at 636 ("[N]o party may be forced to submit a dispute to arbitration that the party did not intend and agree to arbitrate."); *see All Am. Semiconductor v. Unisys Corp.*, 637 So. 2d 59, 60 (Fla. Dist. Ct. App. 1994) (per curiam) (holding that, where the parties have two contracts, only one of which contains an arbitration clause, and a dispute arises out of the other contract, the arbitration clause may not be extended to apply to the dispute). As we have explained, IAR Liechtenstein litigated the issue of whether it was bound by the MIPA's arbitration clause. The district court's ruling didn't depend on any factual finding or legal conclusion regarding the CNDA. In the absence of any relationship between the

litigation and the CNDA, IAR Liechtenstein has failed to satisfy the first condition of the CNDA's fee provision.

As to the second condition, it is undisputed that IAR Liechtenstein was the "prevailing party." Florida recognizes the prevailing party to be the party that prevailed "on the significant issues in the litigation." *Moritz v. Hoyt Enters., Inc.*, 604 So. 2d 807, 810 (Fla. 1992).[1] The parties raised only one "significant issue" in this litigation—whether IAR Liechtenstein was somehow bound by the MIPA and its arbitration clause. *See supra*. And IAR Liechtenstein clearly won on that issue by obtaining a declaratory judgment that prevented Appellees from continuing to pursue arbitration. *Granoff v. Seidle*, 915 So. 2d 674, 677 (Fla. Dist. Ct. App. 2005) (citing *Zhang v. D.B.R. Asset Mgmt., Inc.*, 878 So. 2d 386 (Fla. Dist. Ct. App. 2004); *Smith v. Adler*, 596 So. 2d 696 (Fla. Dist. Ct. App. 1992)); But that success came without any consideration of or determination about the CNDA. So even though IAR Liechtenstein won on the only significant issue, it didn't win an attempt to enforce a right "arising out of or relating to" the CNDA. IAR Liechtenstein therefore hasn't satisfied either condition of the CNDA's fee-shifting provision and isn't entitled to recover its attorney's fees.

## IV.    Conclusion

---

[1] IAR Liechtenstein argues that this significant-issue analysis doesn't apply in cases when only one party prevailed. That's not an accurate statement of Florida law. *See, e.g.*, *Danis Indus. Corp. v. Ground Improvement Techniques, Inc.*, 645 So. 2d 420, 421 (Fla. 1994).

For the foregoing reasons, we affirm the district court's denial of IAR Liechtenstein's motion for attorney's fees.

**AFFIRMED**.