ON MOTION TO DISMISS NOTICE OF APPEAL
PER CURIAM.
Appellants, the Florida Waterworks Association and other water and sewer utilities, seek review of an order of a hearing officer of the Division of Administrative Hearings, Department of Administration (DOAH), holding that two proposed rules of the Public Service Commission (PSC) constitute an invalid exercise of delegated legislative authority because of an inadequate economic impact statement.
By motion to dismiss the notice of appeal, PSC argues that the issues presented by this appeal are moot because the two proposed rules have been withdrawn by PSC pursuant to the mandates of Section 120.-54(4)(c), Florida Statutes.[1] In their response Appellants argue that, although they prevailed on the ground of the inadequacy of the economic impact statement, review of the hearing officer’s adverse rulings on their other statutory and constitutional arguments remains necessary. Appellants’ express concern and reason for seeking review is that, if PSC reproposes the same rules with a revised economic impact statement, they may be precluded from relitigating these other statutory and constitutional arguments due to the doctrines of res judicata or collateral estoppel.
It is a long standing rule that a judgment or decree wholly in favor of a party may not be appealed by him, for he is not aggrieved thereby. North Shore Bank v. Surfside, 72 So.2d 659 (Fla.1954). In such an instance the appeal will be dismissed. Witt v. Baars (1895) 36 Fla. 119, 18 So. 330; Credit Industrial Co. v. Mark Chemical Co., 67 So.2d 540 (Fla.1953). Such is the case here; the hearing officer determined that the inadequacy of the economic impact statement rendered these rules an invalid exercise of delegated legislative authority. Since the Appellants prevailed, they are not aggrieved parties. Thus, their appeal must be dismissed.
We are not unmindful of Appellants’ concern that the hearing officer’s order may constitute res judicata or collateral estoppel in any future rulemaking proceeding regarding the same or similar subject matter. This concern, however, is unwarranted. The strict holding of the subject order is that the inadequate economic impact statement invalidates the proposed rules. It is solely dispositive of the case. The hearing officer’s pronouncements on the other statutory and constitutional issues are thus immaterial to the decision and are dicta upon which no claim of res judicata or collateral estoppel could lie.
PSC’s Motion to Dismiss Notice of Appeal is hereby granted.
ERVIN, SHIVERS and WENTWORTH, JJ., concur.

. “The hearing officer may declare the proposed rule wholly or partly invalid. The proposed rule or provision of proposed rule de-dared invalid shall be withdrawn from the committee by the adopting agency and shall not be adopted."