791 So.2d 517 (2001)
GENERAL MOTORS ACCEPTANCE CORPORATION, Appellant,
v.
Ronald LAESSER, and Ed Morse Operations, Inc., a Florida corporation, Appellees.
No. 4D97-2395.
District Court of Appeal of Florida, Fourth District.
July 18, 2001.
Rehearing Denied August 22, 2001.
*518 Douglas B. Brown of Rumberger, Kirk & Caldwell, P.A., Orlando, for appellant.
Diane H. Tutt of Diane H. Tutt, P.A., Plantation, for Appellee Ronald Laesser.

ON AMENDED MOTION TO REVIEW APPELLATE ATTORNEY'S FEE AWARD
PER CURIAM.
Ronald Laesser seeks review of the trial court's award of appellate fees to General *519 Motors Acceptance Corporation (GMAC) under Florida Rule of Appellate Procedure 9.400(c), which states, "Review of orders rendered by the lower tribunal under this rule [appellate costs and attorneys' fees] shall be by motion filed in the court within 30 days of rendition." We affirm the order under review.

Background
In May, 1997, a jury awarded Ronald Laesser $25,000 against GMAC for its violations of the Florida Deceptive and Unfair Trade Practices Act, sections 501.201-501.213, Florida Statutes (1991). Laesser successfully claimed that GMAC deceptively helped the automobile dealer in question steal Laesser's trade-in vehicle and "flip" him from a car purchase to a lease.[1] On GMAC's appeal, this court reversed. See Gen. Motors Acceptance Corp. v. Laesser, 718 So.2d 276 (Fla. 4th DCA 1998). On September 9, 1998, this court also ordered that GMAC was entitled to an award of appellate fees under section 501.2105.
On remand, the trial court, pursuant to this court's mandate, entered a directed verdict in GMAC's favor and held a hearing on the amount of fees to be awarded to GMAC. GMAC showed that eleven people comprised of attorneys and paralegals worked on the appeal for a total of 494 hours. GMAC's appellate attorney, a specialist in section 501.201 issues, testified that the case was extraordinary and important. GMAC's fee expert testified that all the time spent was reasonable, especially in light of the multiple and unique issues.
The trial court took into consideration the testimony of the fact and expert witnesses, the novelty and complexity of the issues on appeal, the effect and outcome of the appeal and circumstances of the appeal. It determined that 415 of the hours spent by GMAC's attorneys on the appeal were reasonable and awarded GMAC $53,387.97 in appellate fees.[2]

Merits
Among the several issues presented in his motion, Laesser argues the appellate attorney's fee award here is excessive. The abuse of discretion standard governs this court's review of the award. See First Fed. Sav. & Loan Ass'n of Palm Beaches v. Bezotte, 740 So.2d 589, 590 (Fla. 4th DCA 1999), rev. denied, 753 So.2d 563 (Fla.2000).
In Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1150 (Fla.1985), the supreme court adopted the federal lodestar approach as the basis for setting reasonable fee awards. The "lodestar figure" is determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate for the services of the prevailing party's attorney. Id. at 1151. In determining the lodestar, the trial court must consider separately the reasonableness of the hourly rate and the number of hours expended. See id. at 1150-51.
"Reasonably expended" means the time that ordinarily would be spent by lawyers in the community to resolve this particular type of dispute. It is not necessarily the number of hours actually expended by counsel in the case. Rather, the court must consider the number of hours that should reasonably have been expended in that particular case.... In this respect, the magnitude of the case should be a consideration. *520 Centex-Rooney Constr. Co. v. Martin County, 725 So.2d 1255, 1258 (Fla. 4th DCA 1999) (quoting In re Estate of Platt, 586 So.2d 328, 333-34 (Fla.1991)) (emphasis omitted).
In determining the reasonableness of the attorneys' fees, the court should utilize the following criteria:
(1) The time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly.
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
(3) The fee customarily charged in the locality for similar legal services.
(4) The amount involved and the results obtained.
(5) The time limitations imposed by the client or by the circumstances.
(6) The nature and length of the professional relationship with the client.
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
(8) Whether the fee is fixed or contingent.
Id. (citing Rowe, 472 So.2d at 1150).
Here, the trial judge made specific findings as to the time reasonably expended and the hourly rate. She also found that the case was novel and complex, and that it produced a favorable result. She indicated that she considered the other Rowe factors. The findings of the trial court arrive on appeal cloaked with the presumption of correctness and, as long as competent substantial evidence exists to support its determinations, the appellate court should affirm. See Oceanic Int'l Corp. v. Lantana Boatyard, 402 So.2d 507, 511 (Fla. 4th DCA 1981). Such evidence exists. We simply cannot reject the trial court's findings of fact and substitute our own judgment on these issues and, therefore, must affirm.
Laesser suggests, however, that section 501.2105 was intended to provide for an award of attorney's fees only to the prevailing party plaintiff. That is not what the statute says. Rather, where a plaintiff brings a claim under the Act, an award of attorneys' fees to a prevailing defendant is mandatory.[3]See Rustic Village, Inc. v. Friedman, 417 So.2d 305, 306 (Fla. 3d DCA 1982). Because Laesser brought his claim against GMAC under sections 501.201-501.213, he became liable for the latter's reasonable appellate attorney's fees when he lost on appeal.
As to all the other issues raised in this motion, we affirm as unpersuasive.
AFFIRMED.
STONE and GROSS, JJ., concur.
OWEN, WILLIAM C., Jr., Senior Judge, dissents with opinion.
OWEN, WILLIAM C., Jr., Senior Judge, dissenting.
Because I deem the fee awarded for the appellant's attorneys to be so grossly excessive as to be an abuse of the trial court's discretion, I would reverse the award and remand this issue for further consideration.
The trial court determined that appellants' attorneys reasonably spent 415 hours on the appeal and, accordingly, calculated the fee award utilizing that number of hours multiplied by the agreed *521 hourly rate for the various members of the appellate team. It is my view that 415 hours is some three to four times the number of hours that should reasonably have been required for the appeal and thus the trial court abused its discretion in awarding the fee that it did.
The majority, however, posits that the trial court's determination (that 415 hours were reasonably spent) is unassailable because that determination is supported by competent substantial evidence. To be sure, as the majority has noted, GMAC's fee expert testified that there were multiple and unique issues and that all the time spent was reasonable, testimony which indeed supports the trial court's determinations (1) that the case was novel and (2) that GMAC's appellate counsel reasonably expended 415 hours on the appeal. The majority thus concludes, on a well established and oft enunciated general principle of appellate review, see, e.g., Oceanic Int'l Corp. v. Lantana Boatyard, 402 So.2d 507, 511 (Fla. 4th DCA 1981), that where competent substantial evidence exists to support the determinations of the trial court "we simply cannot reject the trial court's findings of fact and substitute our own judgment on these issues and, therefore, must affirm." I disagree with the conclusion that appellate court review of attorneys' fees awards are thus limited.
The courts have always had a particular concern with the matter of attorneys' fees awards. This court has previously made it clear that the mere existence in the record of expert opinion testimony supporting the trial court's finding of reasonableness of either the time expended or the fee awarded does not require the reviewing court to abandon its own expertise or common sense in evaluating the reasonableness of the award. See Miller v. First Am. Bank & Trust, 607 So.2d 483, 485 (Fla. 4th DCA 1992); Guthrie v. Guthrie, 357 So.2d 247, 248 (Fla. 4th DCA 1978). This court is not alone in that view. See Seminole County v. Clayton, 665 So.2d 363 (Fla. 5th DCA 1995). The clear teaching of these cases is that an appellate court, in the exercise of its review function under Florida Rule of Appellate Procedure 9.400(c), is not restricted to the mere mechanical scanning of the record to see if there exists expert testimony to support the trial court's findings;[4] rather, the review task required by rule 9.400(c), at least as I perceive the teaching of these cases to be, contemplates that while deference be accorded to the trial court's findings the appellate court remains at liberty, in its evaluation of the reasonableness of the fee award, to utilize its own collective expertise gained not only from practice before the bar but also from service on the bench.
GMAC, viewing this case to be of special importance, instructed its counsel, in essence, "not to spare the horses." Faithful to that charge, appellate counsel assembled an eleven-person appellate team and, figuratively speaking, whipped them into a lather, 494 hours' worth to be exact.[5] The team's effort produced well-written briefs which raised a number of appellate issues, several of which issues demonstrated reversible error or clear abuse of discretion. Notwithstanding that the issues raised were important, they were nonetheless relatively common appellate issues, e.g., sufficiency *522 of proof of causation, sufficiency of proof of damages, harmful error on evidentiary rulings, abuse of discretion in exclusion of witnesses, and the like. In my opinion, none of the issues raised could fairly be classified as either novel or complex, and with all due deference to the trial court's finding to that effect, as well as to the expert testimony upon which such finding was based, I simply disagree.[6] GMAC's trial counsel was co-counsel on the appeal and alone charged for 127 hours work on the appeal, a major portion of which related to legal research on the same issues involved in the trial. The other cocounsel on appeal[7] charged for 234 hours work including the time spent in conferring with trial counsel, reading the record, and preparing the briefs. The remainder of the 415 hours which the trial court approved was spent by other members of the team primarily in research and in reviewing the work performed by the two co-counsel. Given the rather mundane nature of the appellate issues, I am simply appalled by the court's finding that appellate counsel reasonably expended a total of 415 hours time on the appeal.[8] From my own experience in trial and appellate practice, and my review of literally thousands of briefs while on the appellate bench, I am satisfied that a competent appellate lawyer could have performed the identical work in approximately one-third to one-fourth of that time. I concede there is no objective means by which a reasonable amount of time can be determined with mathematical precision. Nor would I, upon review of an attorney fee award, ever presume to declare the award to be an abuse of discretion simply because my own assessment of a reasonable amount simply differed from the award in some relatively minor degree. But where, as here, the fee award is several times that which I think is reasonable, I cannot abandon my own expertise and common sense simply because the award is supported by the opinion of the fee applicant's expert. To do so would be, I feel, an abdication of the review responsibilities entrusted to me. Accordingly, I vote to reverse and remand for further consideration.
NOTES
[1] Ronald Laesser secured a $30,000 judgment against the dealer as well. The dealer never appealed.
[2] It also awarded General Motors Acceptance Corporation $8,046.40 in appellate costs.
[3] After Laesser's cause of action arose, the legislature amended section 501.2105 to place an award of such fees and costs within the discretion of the trial court. See Ch. 94 298, § 4, at 2064, Laws of Fla.
[4] If that were the case such review would amount to little more than a rubber stamped approval for, I dare say, even the least experienced in the art of seeking fee awards will have an expert opine that the time spent by the attorney was reasonable.
[5] In "fee-shifting" cases, only time reasonably required to be spent by the prevailing party's attorney should be considered in making the award; the time spent by the attorney merely satisfying the client's whims should not be. See Guthrie, 357 So.2d at 248.
[6] Less my subjective evaluation, i.e., that the issues were not novel or complex, unfairly demeans in the reader's eye the task performed by appellate counsel, the reader may wish to make his or her own determination of that issue by reading the merits opinion, 718 So.2d 276, wherein the several issues are identified and discussed.
[7] Despite the fact that he had been especially selected as co-counsel because he was a specialist in section 501.201 matters, the only appellate issue raised which even remotely involved section 501.201 related to the sufficiency of plaintiff's proof of damages.
[8] I want to emphasize that I do not question the accuracy of the time records, but only the reasonable necessity for the time.