SCHWARTZ, Chief Judge.
This case involves a dispute between Coin-O-Matic, the plaintiff-counter defendant below, a provider of coin laundry services, and the defendant-counter plaintiff Cornerstone, the operator of an apartment complex on which Coin-O-Matic’s equipment was located.
*650 I.
The trial court found first (a) that a 1993 agreement between Coin-O-Matic and the then owner of the building had been superseded by a 2001 contract between the present parties and (b) that Cornerstone had anticipatorily breached the 2001 agreement by refusing to permit Coin-O-Matic to perform. Coin-O-Matic claims error, however, in the entry of a judgment for that breach, which was in its favor[1] but for only $1.00. Because, we find that the trial court properly invalidated the liquidated damages clause of the contract which would have called for a judgment of $553,766.40, see Secrist v. National Service Industries, Inc., 395 So.2d 1280 (Fla. 2d DCA 1981), and there was no attempt to establish actual damages, this judgment is affirmed.
On the other hand, the trial judge awarded the apartment house $20,607.75 on a counterclaim for its share of monies Coin-O-Matic collected from the machines during the period of July through October 2001, none of which it had remitted to Cornerstone. We reject Coin-O-Matic’s challenge to this ruling.
II.
The trial judge also awarded attorney’s fees to each side ($19,993.00 to Coin-O-Matic; $2,500.00 to Cornerstone) on the theory that each had recovered on the particular contract on which it sued and was therefore entitled to recover under its respective attorney’s fee provision. We find error in both of these awards.
Treating Cornerstone’s award first, we conclude that it cannot be justified because its recovery was based essentially on a claim of unjust enrichment, rather than the 1993 agreement which the trial court specifically and correctly found was no longer in existence. Hence, that fee must be vacated. See H & S Corporation v. U.S. Fidelity & Guar. Co., 667 So.2d 393 (Fla. 1st DCA 1995); Bay Lincoln-Mercury Dodge, Inc. v. Transouth Mortgage Corp. of Florida, 531 So.2d 1027 (Fla. 1st DCA 1988).[2]
Coin-O-Matic’s fee award, on the other hand, was based on the attorney’s fee provision in the 2001 agreement, upon which it succeeded, but which provided only as follows:
Should the Lessee resort to the use of an attorney regarding any matter arising from this lease the Lessee shall be entitled to recover from the Lessor its reasonable attorney’s fees, court costs and related expenses.
It is obvious that this clause, which in essence provides for fees whenever the lessee (or, under section 57.105(7), Florida Statutes (2003), the lessor as well) so much as telephones a lawyer, is illusory and unenforceable. See Office Pavilion South Florida, Inc. v. ASAL Products, Inc., 849 So.2d 367 (Fla. 4th DCA 2003), review denied, 861 So.2d 428 (Fla.2003); Ocean Dunes of Hutchinson Island Development Corp. v. Colangelo, 463 So.2d 437 (Fla. 4th DCA 1985); 2 Corbin on Contracts § 5.28 at 142 (revised ed.1995).[3]
Affirmed in part, vacated in part.

. Cornerstone’s attack on this ruling is likewise without merit.

. In addition, the 1993 attorney's fee provision is almost identical to, and therefore suffers from the same fatal malady as the 2001 contract, as discussed below.

. Our determination as to the inapplicability and unenforceability respectively of each of the fee provisions makes it unnecessary to *651 determine whether either or both of the awards is impermissible under a "prevailing party” analysis. See Payne v. Cudjoe Gardens Property Owners Ass'n, 875 So.2d 669 (Fla. 3d DCA 2004). Nor need we consider whether the amounts of the awards are justified by the record.