935 So.2d 636 (2006)
DEPARTMENT OF HEALTH, a state agency, and the Board of Medicine, a state board, Appellants,
v.
FRESENIUS MEDICAL CARE HOLDINGS, INC. d/b/a Fresenius Medical Care North America, a foreign corporation; National Medical Care, Inc., Bio-Medical Applications of Florida, Inc., Homestead Artificial Kidney Center, Inc., and Spectra Laboratories, Inc., its subsidiaries. Gambro Healthcare, Inc., a foreign corporation, Gambro Healthcare of East Orlando, LLP, Gambro Healthcare of Southwest Orlando, LLP, Gambro Healthcare of Central Florida, LLP, Gambro Health-Care of Plantation a/k/a Plantation Artificial Kidney Center, Inc., Gambro Healthcare of Temple Terrace, LLP, Gambro Healthcare Laboratory Services, Inc., its subsidiaries and joint venture entities, and Davita Inc., a foreign corporation, Total Renal Care, Inc., Crystal River Dialysis, LC, Flamingo Park *637 Kidney Center, Inc., Renal Treatment Centers Southeast, LP, East Ft. Lauderdale LLC, Bay Area Dialysis Partnership, Total Renal Laboratories, Inc. d/b/a Davita Laboratory Services, its subsidiaries and joint venture entities, Appellees.
No. 1D05-4144.
District Court of Appeal of Florida, First District.
August 15, 2006.
Charlie Crist, Attorney General; Christopher M. Kise, Solicitor General; and Steven Todd Gold; Deputy Solicitor General, Tallahassee, for Appellants.
Kelly Overstreet Johnson, Martin A. Fitzpatrick, and Kelly A. O'Keefe of Broad and Cassel, Tallahassee; Gabriel L. Imperato of Broad and Cassel, Ft. Lauderdale; George Meros, Jr. of Gray, Harris, and Robinson, Tallahassee; and Gray Robinson, Tallahassee for Appellees.
PER CURIAM.
Upon consideration of the briefs and oral arguments of the parties, the court has concluded that appellants have no standing. Appellants have sought review of a wholly favorable order adopting the argument presented by appellants in the trial court and denying appellees' motion for return of documents. An appeal of a wholly favorable judgment must be dismissed. See Fla. Comm'n on Hurricane Loss Projection Methodology v. State, Dep't of Ins. & Treasurer, 716 So.2d 345, 346 (Fla. 1st DCA 1998)(dismissing petition for writ of certiorari in administrative law case, the outcome of which was favorable to appellant); Gen. Dev. Utils., Inc. v. Fla. Pub. Serv. Comm'n, Div. of Admin. Hearings, 385 So.2d 1050, 1051 (Fla. 1st DCA 1980)(dismissing appeal based on long-standing rule that judgment or decree wholly in favor of a party may not be appealed by that party). See also N. Shore Bank v. Town of Surfside, 72 So.2d 659, 661 (Fla.1954)(dismissing appeal of wholly favorable final decree, which held public improvement certificates, owned by appellants, to be legal and valid obligations of town); Credit Indus. Co. v. Remark Chem. Co., 67 So.2d 540, 541 (Fla.1953)(dismissing appeal of wholly favorable final order granting appellant's motion for summary decree); Lovett v. Lovett, 93 Fla. 611, 112 So. 768, 782 (1927)("[I]rregularities in chancery practice committed at the defendant's instance and by his consent, are not available to reverse a final decree entered against him."); Witt v. Baars, 36 Fla. 119, 18 So. 330, 330 (1895)("The bill having been dismissed as to the appellant Mary Witt, no *638 relief whatever having been granted against her, or any liability adjudged against her or her estate, she cannot appeal; and the appeal as to her should be dismissed. . . .").
DISMISSED.
KAHN, C.J., BARFIELD and ALLEN, JJ., concur.