PER CURIAM.
 

 International Paper Company appealed a final order of the Florida Department of Environmental Protection which had denied a wastewater discharge permit and related authorizations requested by International Paper to upgrade and operate its Cantonment, Florida paper mill under the
 
 *651
 
 National Pollutant Discharge Elimination System program. Friends of Perdido Bay and James Lane cross appealed arguing that section 403.088, Florida Statutes (2007), is unconstitutional. International Paper has voluntarily dismissed its appeal; thus, the only matter before us is the cross-appeal challenging the constitutionality of section 403.088. Because the Friends of Perdido Bay and Lane were the prevailing parties below, they were neither adversely affected by any provision of the order under review nor face any consequence here by the application of section 403.088.
 
 See
 
 section 120.68(1), Florida Statutes (2007) (“A party who is adversely affected by final agency action is entitled to judicial review.”). As a result, they have no standing to bring this appeal.
 
 Dep’t of Health v. Fresenius Med. Care Holdings, Inc.,
 
 935 So.2d 636, 637 (Fla. 1st DCA 2006);
 
 Fla. Chapter of the Sierra Club v. Suwannee Am. Cement Co., Inc.,
 
 802 So.2d 520, 521-23 (Fla. 1st DCA 2001). “It is fundamental that a person may not challenge the constitutionality of a statute ‘unless his rights are in some way injuriously and directly affected’ by the operation of the statute.”
 
 Southeast Volusia Hosp. Dist. v. State, Dep’t of Ins.,
 
 432 So.2d 592, 598 (Fla. 1st DCA 1983)
 
 (quoting E.M. Watkins & Co., Inc. v. Bd. of Regents,
 
 414 So.2d 583, 588 (Fla. 1st DCA 1982)).
 
 Save Anna Maria, Inc. v. Department of Transportation,
 
 700 So.2d 113 (Fla. 2d DCA 1997), relied upon by Friends of Perdido Bay and Lane, is distinguishable. In that case, the Department of Environmental Protection rejected the hearing officer’s contrary finding on public interest and ruled that the bridge project was “clearly in the public interest.”
 
 Id.
 
 at 115. Here, the Department accepted the administrative law judge’s finding that the public interest criteria of section 403.088 had not been met. Accordingly, we dismiss this appeal.
 

 DISMISSED.
 

 HAWKES, C.J., BENTON, and VAN NORTWICK, JJ., concur.