PER CURIAM.
The Department of Environmental Protection (DEP) seeks review of an order of the Unemployment Appeals Commission, predecessor to the Florida Reemployment Assistance Appeals Commission.[1] We directed the parties to show cause why this appeal should not be dismissed as moot. Having considered the responses to the order to show cause, we dismiss the appeal.
The Department of Economic Opportunity determined the claimant was eligible for benefits as of April 24, 2011, and that DEP must reimburse the Unemployment Compensation Trust Fund should any benefits be paid. DEP challenged the rede-termination. The appeals referee affirmed “[t]hat portion of the determination dated October 3, 2011, holding the claimant qualified for benefits,” but expressly concluded that the “separation of employment [wa]s not attributable to the employer [DEP]; therefore, the employer remains non-charged.” The Commission affirmed the decision of the appeals referee, concluding the “record adequately supported] the referee’s material findings and the referee’s conclusion [wa]s a reasonable application of the pertinent laws to the material facts of the case.”
We dismiss this appeal for lack of standing. “An appeal of a wholly favorable judgment must be dismissed.” Dep’t of Health v. Fresenius Med. Care Hold *1155 ings, Inc., 935 So.2d 636, 637 (Fla. 1st DCA 2006). See also Friends of Perdido Bay, Inc. v. Fla. Dep’t of Envtl. Prot., 44 So.3d 650, 651 (Fla. 1st DCA 2010) (dismissing cross-appeal, after appellants voluntarily dismissed appeal, because cross-appellants were the prevailing parties below and were neither adversely affected by any provision of the order under review nor faced any consequences by the application of the challenged statutory provision); Fla. Comm’n on Hurricane Loss Projection Methodology v. State, Dep’t of Ins., 716 So.2d 345, 346 (Fla. 1st DCA 1998) (declining to examine an administrative law judge’s rationale for a ruling at the behest of the party in whose favor the administrative law judge ruled); Gen. Dev. Utils., Inc. v. Fla. Pub. Serv. Comm’n, Div. of Admin. Hearings, 385 So.2d 1050, 1051 (Fla. 1st DCA 1980) (“It is a long standing rule that a judgment or decree wholly in favor of a party may not be appealed by him, for he is not aggrieved thereby.”).
DISMISSED.
BENTON, C.J., THOMAS, and ROWE, JJ., concur.

. See ch.2012-30, § 2, Laws of Fla. (amending section 443.012(1), Florida Statutes, and renaming the commission).