STEVEN McBRIDE,

      Petitioner,

v.

RICHARD VANSANDT,

      Respondent.

_____/

IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-5274

Opinion filed October 19, 2016

Petition for Writ of Certiorari. Original Jurisdiction.

Petitioner Steven McBride, pro se.

Respondent Richard Vansandt, pro se.

WINSOR, J.

Steven McBride was the defendant in a Duval County eviction proceeding. The county judge dismissed the action, "having been advised by Plaintiff that [McBride] has vacated the premises." Although defendants typically lack standing to appeal dismissal of claims against them, *see, e.g.*, *Department of Health v. Fresenius Medical Care Holdings, Inc.*, 935 So. 2d 636, 637 (Fla. 1st DCA 2006), McBride appealed to the circuit court.

The circuit court never reached the merits of McBride's appeal. The court dismissed the appeal, finding McBride failed to comply with court orders and the appellate rules. Earlier, the circuit court had issued an order directing McBride to show cause why his appeal should not be dismissed for, among other things, his failure to file an initial brief on time. But rather than respond to the show cause order as directed, McBride filed his initial brief (late) and waited. The circuit court dismissed.

McBride now seeks certiorari review here, essentially asking that we direct the circuit court to reinstate his appeal.* He argues that the circuit court's dismissal was too harsh, a penalty not commensurate with his violation of the rules. This court has said that dismissing an appeal is "an extreme sanction" reserved for egregious violations, *Lindsey v. King*, 894 So. 2d 1058, 1059 (Fla. 1st DCA 2005), and missing one briefing deadline is not among the most egregious violations. But McBride's dismissal followed not only his missing a briefing deadline, but also his failing to respond to a show cause order. *Cf. Swicegood v. Fla. Dep't of Transp.*, 394 So. 2d 1111, 1112 (Fla. 1st DCA 1981) (noting reluctance to dismiss appeals "solely for failure to comply with the appellate rules," but finding dismissal justified when "appellant has been afforded an

---

* We have certiorari jurisdiction to review final orders of circuit courts acting in their appellate capacity. Art. V, § 4(b)(3), Fla. Const.; Fla. R. App. P. 9.030(b)(2)(B). The circuit court had appellate jurisdiction over the county court's final order. § 26.012(1), Fla. Stat. (2011); Fla. R. App. P. 9.030(c)(1)(A).

opportunity to explain the reasons for noncompliance but does not do so"). Therefore, the circuit court's dismissal was permissible.

Our job is not to decide whether, facing the same circumstances, we too would dismiss. A lesser sanction may well have worked fine. But although our certiorari review of a circuit court appellate order "contains a degree of flexibility and discretion," it is quite limited. *Haines City Community Development v. Heggs*, 658 So. 2d 523, 530 (Fla. 1995). We consider only whether the circuit court afforded procedural due process and whether it departed from the essential requirements of law. *Allstate Ins. Co. v. Kaklamanos*, 843 So. 2d 885, 889 (Fla. 2003). There are no procedural due process issues (the circuit court gave McBride every opportunity to respond), and we cannot say on these facts that the court's dismissal constituted a departure from the essential requirements of law.

PETITION DENIED.

B.L. THOMAS and WETHERELL, JJ., CONCUR.

3