# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-5381
_____

DEPARTMENT OF REVENUE, on
behalf of Haydie Marquez,

    Appellant,

    v.

CALIXTO MANUEL LOPEZ,

    Appellee.

_____

On appeal from the Division of Administrative Hearings.
Robert L. Kilbride, Administrative Law Judge.

August 1, 2018

PER CURIAM.

The Department of Revenue appeals the administrative law judge's Final Administrative Support Order, in which the father, Carlos Lopez, was ordered to pay child support and retroactive child support to the mother, Haydie Marquez, on whose behalf the Department was acting to establish Lopez's support obligation to their child. *See* §409.2557(1) & (2), Fla. Stat. (2017).

We dismiss this appeal for lack of standing. "'An appeal of a wholly favorable judgment must be dismissed.'" *Fla. Dep't of Envtl. Prot. v. Fla. Reemployment Assistance Appeals Comm'n*, 123 So. 3d 1154 (Fla. 1st DCA 2012) (quoting *Dep't of Health v. Fresenius Med. Care Holdings, Inc.*, 935 So. 2d 636, 637 (Fla. 1st DCA 2006));

*see also Friends of Perdido Bay, Inc. v. Fla. Dep't of Envtl. Prot.*, 44 So. 3d 650, 651 (Fla. 1st DCA 2010) (dismissing cross-appeal, after appellants voluntarily dismissed appeal, because cross-appellants were the prevailing parties below and were neither adversely affected by any provision of the order under review nor faced any consequences by the application of the challenged statutory provision); *Fla. Comm'n on Hurricane Loss Projection Methodology v. State, Dep't of Ins.*, 716 So. 2d 345, 346 (Fla. 1st DCA 1998) (declining to examine an administrative law judge's rationale for a ruling at the behest of the party in whose favor the administrative law judge ruled); *Gen. Dev. Utils., Inc. v. Fla. Pub. Serv. Comm'n, Div. of Admin. Hearings*, 385 So. 2d 1050, 1051 (Fla. 1st DCA 1980) ("It is a long standing rule that a judgment or decree wholly in favor of a party may not be appealed by him, for he is not aggrieved thereby.").

DISMISSED.

BILBREY and JAY, JJ., concur; WINOKUR, J., concurs with opinion.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

WINOKUR, J., concurring.

I agree with the majority that we should dismiss this appeal because the Department of Revenue (DOR) does not have standing to challenge the Final Administrative Support Order (Order), on the ground that the Order is "wholly favorable" to DOR. *See Fla. Dep't of Envtl. Prot. v. Fla. Reemployment Assistance Appeals Comm'n*, 123 So. 3d 1154 (Fla. 1st DCA 2012). But even if we did not dismiss this appeal for lack of standing, I would reject DOR's argument and affirm the Order.

Because Marquez, the mother of the child, was receiving Medicaid, DOR offered her their services in obtaining child support from Lopez, the father. Marquez accepted these services and DOR instituted a proceeding to establish an administrative support

2

order on behalf of Marquez. DOR then filed a proposed administrative support order, which Lopez disputed and exercised his right to a hearing before an administrative law judge (ALJ). The caption of the hearing before the ALJ was "DEPARTMENT OF REVENUE AND HAYDIE MARQUEZ, Petitioners, vs. CALIXTO MANUEL LOPEZ, Respondent." After the hearing, the ALJ filed the Order, which ordered Lopez to pay current and retroactive child support and which offered any party "who is adversely affected" by the Order the right to appeal to this court. *See also* § 120.68 and 409.2563(10)(a), Fla. Stat. DOR appealed, without explaining how it, or Marquez, was "adversely affected" by this Order. Lopez did not appeal or cross-appeal.

On appeal to this court, the only argument DOR makes in its initial brief is that the ALJ erred in calculating retroactive support because it "charged [Lopez] twice" for his June 2017 income. DOR does not describe how this alleged error adversely affects it or Marquez. It appears instead that the alleged error adversely affects Lopez, who neither objected to the alleged error below, nor appealed the Order, nor even filed an answer brief.

If Lopez appealed this alleged error, this court would have rejected the appeal because he failed to preserve the error for review. See *Alfred v. Dep't of Revenue*, 204 So. 3d 583, 585 (Fla. 4th DCA 2016). We should not ignore Lopez's lack of preservation simply because DOR raises the unpreserved error itself. *See Davis v. Dep't of Revenue*, 221 So. 3d 790 (Fla. 2d DCA 2017) (declining to accept DOR's concession of error due to "Mr. Davis's failure to participate at any point in the proceedings below"). An appellant cannot "concede error" on behalf of the appellee when that error has never been raised by appellee. I would reject any such concession and affirm the order under review.

_____

Pamela Jo Bondi, Attorney General, and Toni C. Bernstein, Senior Assistant Attorney General, Tallahassee, for Appellant.

No appearance for Appellee.

3