# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-4239

_____

STATE OF FLORIDA, AGENCY FOR
HEALTH CARE ADMINISTRATION,

Appellant,

v.

MICHAEL LEE SMATHERS, II,

Appellee.

_____

On appeal from the Division of Administrative Hearings.
John G. Van Laningham, Judge.

January 22, 2019

PER CURIAM.

After Michael Lee Smathers obtained a settlement in a personal injury lawsuit, the Agency for Health Care Administration (AHCA) asserted a lien against the settlement proceeds for reimbursement of medical assistance provided to Smathers under the Medicaid program. Smathers filed a petition with the Division of Administrative Hearings (DOAH) to contest the amount of the lien. The administrative law judge (ALJ) concluded that DOAH lacked jurisdiction and entered a final order dismissing the petition.

AHCA appealed, arguing that the ALJ erred in concluding that he was required to dismiss the petition for lack of jurisdiction.

Because it appeared that AHCA did not have standing to appeal, and because Smathers did not cross-appeal, we ordered the parties to show cause why the appeal should not be dismissed.

Both parties conceded that the final order did not adversely affect AHCA. Because the final order was wholly favorable to AHCA, the agency lacked standing and we must dismiss the appeal. *See* § 120.68(1)(a), Fla. Stat. (2018); *Fla. Dep't of Envtl. Prot. v. Fla. Reemployment Assistance Appeals Comm'n*, 123 So. 3d 1154, 1154-55 (Fla. 1st DCA 2012) (dismissing an appeal where the order on appeal was wholly favorable to the state agency seeking review of the order); *Dep't of Health v. Fresenius Med. Care Holdings, Inc.*, 935 So. 2d 636, 637 (Fla. 1st DCA 2006) ("An appeal of a wholly favorable judgment must be dismissed."); *Fla. Comm'n on Hurricane Loss Projection Methodology v. Dep't of Ins.*, 716 So. 2d 345, 346 (Fla. 1st DCA 1998) ("We decline to examine an administrative law judge's rationale for a ruling at the behest of the party in whose favor the administrative law judge ruled.").

DISMISSED.

ROWE and WINOKUR, JJ., concur; WETHERELL, J., concurs with opinion.

––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––

WETHERELL, J., concurring.

I fully concur in the dismissal of this appeal. I write separately to make three points.

First, although AHCA was not adversely affected by the final order because the effect of the order was to allow AHCA to recover the full amount of its lien, Smathers was adversely affected by the order and could have appealed it. But, inexplicably, he failed to do so. By not appealing the final order (or filing a notice of joinder or

2

cross-appeal after AHCA filed its appeal), Smathers waived his opportunity to obtain a reversal of the order and, ultimately, a reduction in the lien upon remand. Smathers' suggestion[1] that he can now obtain relief from the lien in the circuit court is meritless because a party who does not exhaust all available avenues to remedy an erroneous administrative decision cannot thereafter obtain relief in a judicial forum. *See Robinson v. Dep't of Health*, 89 So. 3d 1079, 1081 (Fla. 1st DCA 2012) ("As a general rule, exhaustion of administrative remedies includes pursuing an appeal from an administrative ruling where a method of appeal is available.").

Second, although there is no question that ALJs have the authority (if not the duty) to independently consider whether they have jurisdiction over a dispute, that authority does not permit the ALJ to ignore a statute that explicitly grants DOAH jurisdiction over a dispute—like section 409.910(17)(b), Florida Statutes, does—simply because, in the ALJ's view, the statute is "inoperative," ineffectual, or otherwise invalid. *See Communications Workers of America, Local 3170 v. City of Gainesville*, 697 So. 2d 167, 170 (Fla. 1st DCA 1997) ("The Administrative Procedure Act does not purport to confer authority

---

[1] In his reply to AHCA's response to our order to show cause why AHCA had standing to appeal the final order, Smathers did not argue that AHCA had standing. Rather, he suggested that AHCA "may come to a different conclusion regarding whether it is aggrieved by the ALJ's dismissal in this case" because the dismissal "eliminates the rationale relied upon by the circuit court for the Eleventh Circuit in Miami-Dade County to decline Smathers['] request to adjudicate AHCA's lien." Smathers continued:

> Thus, the circuit court's order declining to exercise its jurisdiction can be vacated, potentially pursuant to Florida Rule of Civil Procedure 1.540(b)(5) if necessary, so that the circuit court can exercise its traditional role to adjust AHCA's lien. As a court of general jurisdiction, in the absence of any alternative mandatory forum, the circuit court can and should decide the issues regarding adjudication of AHCA's lien on Smathers' proceeds.

on administrative law judges or other executive branch officers to invalidate statutes on constitutional or any other grounds."). Indeed, so long as the dispute falls within the scope of the statute and all jurisdictional prerequisites have been met (*e.g.*, timely-filed by a person with standing), the ALJ is duty-bound to adjudicate the merits of the dispute.

Third, our dismissal of this appeal should not be viewed as an approval of the ALJ's novel conclusion that DOAH lacked jurisdiction to adjudicate the merits of Smathers' petition. This conclusion was based on the ALJ's view that the federal district court's decision in *Gallardo v. Dudek*[2] "substantially undermines the superficially available administrative remedy" in section 409.910(17) to the point that it leaves DOAH with no remedy to offer to petitioners such as Smathers, but that conclusion finds no support in the court's decision. Indeed, on rehearing, the court expressly recognized that DOAH would continue to have a role in determining the proper amount of AHCA's lien. *See* 2017 WL 3081816, at **8-9. Moreover, even if the ALJ's view about the unavailability of a remedy was correct, that still would not have justified dismissal of the petition for lack of jurisdiction; at most, it would have justified denial of the petition on the merits.

With these additional observations, I join the majority opinion.

---

[2]  263 F. Supp. 3d 1247 (N.D. Fla. 2017) (Walker, J.) (holding that section 409.910, Florida Statutes, is preempted by the federal Medicaid Act insofar as the statute (1) allows AHCA to seek reimbursement of its past Medicaid payments from the portion of the Medicaid recipient's tort recovery that represents future medical expenses, and (2) requires proof by clear and convincing evidence when the recipient challenges the amount of AHCA's statutorily-calculated lien), *clarified on rehearing sub nom, Gallardo v. Senior,* 2017 WL 3081816 (N.D. Fla. July 18, 2017), *appeal filed,* No. 17-13693 (11th Cir. Aug. 17, 2017). *Accord Giraldo v. Agency for Health Care Admin.*, 248 So. 3d 53, 56 (Fla. 2018) (holding that "federal law allows AHCA to lien only the past medical expenses portion of a Medicaid beneficiary's third-party tort recovery to satisfy its Medicaid lien").

_____

Ashley Brooke Moody, Attorney General, and Elizabeth Teegen, Assistant Attorney General, Tallahassee, for Appellant.

John H. Pelzer of Greenspoon Marder LLP, Fort Lauderdale, for Appellee.