# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————————

Case No. 5D2023-2967
LT Case No. 2020-CA-000389

———————————————————

RACHEL STEVICK QUIRES,

    Appellant,

    v.

COPPERSTONE EQUESTRIAN CENTER, LLC
and DONNA M. DUBOIS,

    Appellees.

———————————————————

On appeal from the Circuit Court for Hernando County.
Donald E. Scaglione, Judge.

David S. Romanik, of David S. Romanik, P.A., Ocala, for
Appellant.

Avery S. Chapman, of Chapman Law Group, P.L.C., Wellington,
for Appellee, Donna M. Dubois.

No Appearance for Remaining Appellee.

July 18, 2025

MacIver, J.

Rachel Stevick Quires appeals the denial of her post-judgment
motions for attorney's fees and costs from a lawsuit brought by
Donna M. Dubois. Quires argues the trial court erred by refusing

to recognize her as a prevailing party entitled to fees and costs under Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Chapter 501, Florida Statutes. Because none of Quires's arguments show reversible error, we affirm the Fees Final Judgment. The record shows that Dubois was properly deemed the prevailing party, and the trial court acted within its discretion in denying Quires's attorney's fees and costs motions.

## I.

Dubois sued Copperstone Equestrian Center, LLC and Quires (Copperstone's sole owner) over Dubois's purchase of a pleasure horse, alleging various contract and tort claims and seeking damages related to the horse's sale. Dubois alleged that Copperstone was the "alter ego" of Quires and attempted to hold Quires personally liable on all counts. One count asserted a claim under FDUTPA against both defendants and sought attorney's fees under FDUTPA's prevailing-party fee provision. *See* § 501.2105(1), Fla. Stat. (2020).

Quires and Copperstone answered and asserted entitlement to attorney's fees from Dubois under the FDUTPA's fee-shifting provision should they prevail. Dubois did not allege or establish any special circumstances that would exempt her from FDUTPA's reciprocity of attorney's fees.

The case proceeded through litigation and was eventually referred to non-binding arbitration by court order on August 15, 2022. Later, following multiple hearings, the arbitrator issued a final arbitration decision. In that decision, the arbitrator found that Dubois met her burden of proof on only one of her eight claims: Count II for negligent misrepresentation against Copperstone. Dubois failed to prevail on all other counts, including all claims against Quires, either because the arbitrator found no wrongdoing by Quires or because Dubois failed to establish the alter ego theory. The arbitrator determined that Copperstone (through its agent Quires) had negligently misrepresented the horse's condition and awarded Dubois $34,940 in damages. The arbitrator imposed no liability on Quires and denied Quires's counterclaim, leaving her with no affirmative recovery.

No party requested a trial de novo within twenty days, so the trial court adopted the arbitrator's decision as the final judgment on January 4, 2023, which confirmed and incorporated the arbitration award ("Damages Final Judgment"). *See* Fla. R. Civ. P. 1.820(h). That judgment—entered with all parties' consent—awarded Dubois $34,940 in damages against Copperstone alone, mirroring the arbitrator's decision. The Damages Final Judgment stated that judgment was entered only against Copperstone and not against Quires, consistent with the arbitration outcome. Dubois, in other words, obtained a money judgment against Copperstone, and Quires was exonerated of personal liability.

Following the Damages Final Judgment, both sides pursued attorney's fees and costs. Dubois sought an award of her fees and costs from Copperstone, primarily based on a pre-suit offer of settlement she had served on Copperstone which, given the outcome, entitled her to fees under Florida's offer-of-judgment statute. *See generally* § 768.79, Fla. Stat. (2020). In turn, Quires timely filed her motions for attorney's fees and costs as to Dubois, asserting that she was the prevailing party against Dubois (having defeated all claims against her) and was entitled to recover her attorney's fees and costs under FDUTPA's prevailing-party provision.

Quires timely filed her fee motion within the thirty-day period. *See* Fla. R. Civ. P. 1.525.[1] The trial court held the fee hearing on May 31, 2023, to resolve both Dubois's motion for fees against Copperstone and Quires's request for fees against Dubois—Quires's counsel received notice of the hearing one day before it occurred. At the hearing, Dubois introduced billing records and supporting testimony to establish the reasonableness of her fees and costs against Copperstone. Quires did not present comparable evidence on the amount of the fees she sought from Dubois, citing the abbreviated notice period. The trial court permitted Quires's counsel to address entitlement to fees despite

---

[1] While the court originally struck the fee motion on procedural grounds, because it addressed Quires's entitlement at the subsequent fee hearing we need not resolve whether the court erred by initially striking the motion.

3

the prior order declaring her motion moot. Quires's counsel provided argument as to fees and cost entitlement but submitted no substantive evidence on the amounts. Each party was then asked to submit proposed orders addressing all issues. After argument, the trial court announced—and later memorialized in a written order—that Dubois was entitled to recover her attorney's fees and costs from Copperstone, and that Quires would receive no fees or costs from Dubois.

In response, Quires requested a rehearing after the denial of her request for fees and costs under FDUTPA.

The trial court later entered a "Final Judgment on Attorney's Fees and Costs" ("Fees Final Judgment"). In that judgment, the trial court awarded Dubois a specific sum in fees and costs against Copperstone and denied any award to Quires. The Fees Final Judgment recited the trial court's earlier determination on Quires's motion, concluding that Dubois was the prevailing party for purposes of fees and costs and that Quires was not entitled to fees. This final judgment disposed of all remaining issues. As a result, Quires filed a timely notice of appeal encompassing both the February 15th Order and the Fees Final Judgment.

II.

*Standing to Appeal the Fee Denial*

Before considering the merits of Quires's appeal, Dubois contends that Quires lacks standing to appeal because the only final judgment on the merits was entered in Quires's favor. Dubois points out that Quires is not a party against whom the Final Judgment was entered and thus was not aggrieved. In Dubois's view, a party who obtains a judgment in their favor cannot be "aggrieved" by that judgment and therefore lacks standing to appeal it. Dubois relies on the general rule that one cannot appeal a judgment in their favor, citing *Dep't of Rev. ex rel Marquez v. Lopez*, 252 So. 3d 823, 824 (Fla. 1st DCA 2018), for the proposition that an appeal should be dismissed if the appellant is not adversely affected by the order. *See id.* Dubois maintains that Quires, having prevailed by avoiding liability, has no standing to complain on

4

appeal. Dubois characterizes Quires's appeal as an attempt to obtain an advisory opinion on a hypothetical fee entitlement.

Quires counters that she has standing to prosecute this appeal because she is aggrieved by the post-judgment orders denying her attorney's fees and costs. Though the Damages Final Judgment on the merits was in her favor, Quires emphasizes that she is not appealing that favorable judgment. She instead is appealing the later rulings that denied her a recovery of fees and costs. She notes that she included in her notice of appeal the February 15th Order and the Fees Final Judgment, both of which were adverse to her. Because those orders denied her a benefit that she otherwise would have been entitled to seek, Quires contends she is an "aggrieved party" for purposes of appellate standing. She characterizes Dubois's contrary argument as a confusion between the merits judgment and the fee orders. Quires, in other words, argues that a prevailing party may appeal an order denying statutorily authorized attorney's fees and costs, even if that party prevailed on the underlying claims.

Despite Dubois's objection, Quires has standing to appeal. Whether Quires is "aggrieved" or has standing to appeal is a question of law reviewed de novo. *See Boyd v. Wells Fargo Bank, N.A.*, 143 So. 3d 1128, 1129 (Fla. 4th DCA 2014). While a party who is successful on the merits is generally not "aggrieved" by the final judgment and cannot appeal it, Florida law recognizes that a post-judgment order resolving attorney's fees and costs is a distinct, appealable order that can aggrieve a party even if that party prevailed as to liability. *See, e.g.*, *Pelphrey-Weigand v. Weigand*, 283 So. 3d 822, 826 (Fla. 2d DCA 2019) ("[A] postjudgment order deciding a motion for attorney's fees incurred in the underlying action is a final appealable order."); *Ulrich v. Eaton Vance Distribs., Inc.*, 764 So. 2d 731, 733 (Fla. 2d DCA 2000) ("Conversely, notwithstanding the finality of the judgment as it relates to the underlying dispute, the attorney's fee issue is not finally resolved or ripe for appellate review until both entitlement and amount have been determined."). The February 15th Order and the Fees Final Judgment denied Quires the attorney's fees and costs she sought; those rulings are adverse to her and give her a direct stake in the appeal's outcome, thereby invoking appellate jurisdiction over the fee dispute. That is, final orders on attorney's

fees and costs are appealable final orders separate from the final judgment on the merits. *See, e.g.*, *Yampol v. Turnberry Isle S. Condo. Ass'n, Inc.*, 250 So. 3d 835, 837 (Fla. 3d DCA 2018) ("A post-judgment order denying a party's claim for entitlement to attorney's fees, however, is an appealable final order." (citing *BDO Seidman, LLP v. Brit. Car Auctions, Inc.*, 789 So. 2d 1019, 1020 (Fla. 4th DCA 2001))); *Arrowood Indem. Co. v. Acosta*, 58 So. 3d 286, 287 (Fla. 1st DCA 2011) (recognizing that a trial court's ruling on attorney's fees, even if after a favorable judgment, is subject to appeal by the party denied fees).

As such, Quires may seek appellate review of the denial of her attorney's fees and costs. Dubois's reliance on *Lopez*, 252 So. 3d at 824, is misplaced; in *Lopez*, the appellant was unaggrieved by any aspect of the order, but here Quires did suffer an adverse ruling that is redressable on appeal, *see id.*

Dubois also suggests that by consenting to the entry of the Damages Final Judgment, Quires somehow waived her right to seek appellate review of the later fee ruling—this too is misplaced. Quires agreed to forgo a trial de novo and accept the arbitrator's decision on the merits, but she expressly pursued her statutory right to fees and costs in the trial court later. Nothing suggests that Quires waived her fee claim, nor would her acceptance of a favorable liability judgment bar her from seeking attorney's fees and costs that are collateral to that judgment. *See Finkelstein v. N. Broward Hosp. Dist.*, 484 So. 2d 1241, 1243 (Fla. 1986) ("[A] post-judgment motion for prevailing party attorney's fees raises a 'collateral and independent' claim. Such is the case because the prevailing party simply cannot be determined until the main claims have been tried and resolved." (citation omitted)). Accordingly, Dubois's procedural arguments do not preclude us from reaching the merits of Quires's appeal.

III.

*Motions for Attorney's Fees and Costs*

Having standing to appeal, Quires faults the trial court in determining that Dubois prevailed for FDUTPA purposes in awarding attorney's fees and costs. FDUTPA provides that "the

6

prevailing party" in any civil litigation arising under the Act may recover reasonable attorney's fees and costs from the non-prevailing party. *See* § 501.2105(1), Fla. Stat. (2020). Prior to 1994, this provision mandated reciprocal fees to whichever side prevailed on a FDUTPA claim. Under that older regime, courts routinely awarded fees to a defendant who succeeded in completely defeating a FDUTPA claim. For example, in *Heindel v. Southside Chrysler-Plymouth, Inc.*, the First District affirmed an attorney's fee award to a FDUTPA defendant after the defendant (a sales representative) was found not liable on all counts, including the FDUTPA count. 476 So. 2d 266, 271–72 (Fla. 1st DCA 1985). The *Heindel* court reasoned that when a defendant satisfies a two-prong test—prevailing on the FDUTPA count and on all other claims based on the same transaction—then section 501.2105 allows recovery of fees for the entire litigation. *Id.* at 272. Florida appellate decisions from that era likewise recognized that a successful FDUTPA defendant was statutorily entitled to an award of attorney's fees. *See, e.g.*, *Rustic Vill., Inc. v. Friedman*, 417 So. 2d 305 (Fla. 3d DCA 1982); *Brown v. Gardens by the Sea S. Condo. Ass'n*, 424 So. 2d 181 (Fla. 4th DCA 1983).

Even still, the Florida Legislature amended FDUTPA in 1994 to make fee awards discretionary rather than mandatory. Even after the 1994 amendments, the core principle remained that either plaintiffs or defendants may be considered the prevailing party entitled to fees, and courts may not rewrite the statute to shield losing plaintiffs from fee liability absent egregious circumstances. *See Humane Soc'y of Broward Cnty., Inc. v. Fla. Humane Soc'y*, 951 So. 2d 966, 968–71 (Fla. 4th DCA 2007) (rejecting the argument that fees should be awarded against a losing FDUTPA plaintiff only if the suit was frivolous, and instead directing trial courts to weigh various equitable factors). Because FDUTPA's fee provision now vests discretion in the trial court, an award of fees is not automatic. *See id.* at 969 ("[T]he legislature gave trial courts the discretion to award prevailing party attorney fees to both plaintiffs and defendants under the same standards." (citing *Gen. Motors Acceptance Corp. v. Laesser*, 791 So. 2d 517, 520 n.3 (Fla. 4th DCA 2001))). A trial court must then determine which party prevailed in the litigation and whether a fee award is justified considering the circumstances of the case. *See id.*

*Standard of Review*

We review a trial court's determination of the prevailing party and its decision to award or deny fees under FDUTPA for abuse of discretion. *See Gonzalez v. Nobregas*, 357 So. 3d 193, 195 (Fla. 3d DCA 2023) ("Based on the record before us, the discretionary nature of prevailing party fees under FDUTPA, and the analytical framework described above, we find no abuse of discretion in the trial court's denial of fees and costs to Gonzalez on the FDUTPA claim."), *reh'g denied* (Feb. 15, 2023); *Granoff v. Seidle*, 915 So. 2d 674, 678 (Fla. 5th DCA 2005) (noting that prevailing-party finding is discretionary). *See also Skylink Jets, Inc. v. Klukan*, 308 So. 3d 1048, 1051 (Fla. 4th DCA 2020) ("The standard of review of a trial court's ruling on the issue of entitlement to prevailing party attorney's fees is abuse of discretion."). Yet when the trial court's determination of which party prevails depends on the interpretation of a statute or a contract, we apply de novo review. *T & W Devs., Inc. v. Salmonsen*, 31 So. 3d 298, 301 (Fla. 5th DCA 2010).

*Prevailing Party for Attorney's Fees and Costs*

Putting procedural contentions aside, we now consider the merits. Quires contends that she prevailed as to the claims against her personally, since Dubois obtained no judgment or relief against Quires. She emphasizes that she successfully defended herself against all the claims Dubois asserted against her and was exonerated from any liability to Dubois by the final judgment. That is, Quires asserts Dubois lost every claim against her: the arbitrator found Quires not liable on all counts, and the final judgment imposed no liability or obligation on Quires. By contrast, Copperstone (her company) was held liable for the FDUTPA violation, but Copperstone did not appeal. Thus, per Quires, there were effectively two outcomes: Dubois prevailed against the company, and Quires prevailed against Dubois—which, per Quires, warrants her receiving attorney's fees and costs against Dubois.

Quires relies on the reciprocal fee provision of FDUTPA, which states that "the prevailing party" in a FDUTPA action may recover reasonable attorney's fees and costs. § 501.2105(1), Fla. Stat. (2020). By invoking FDUTPA in her complaint, Quires

maintains that Dubois exposed herself to both the benefits and possible consequences of that fee provision, including a fee award for a prevailing defendant.

Quires supports her position by citing *Heindel*, 476 So. 2d 266. *Heindel* established that a defendant who is found not liable on all counts can be considered the prevailing party and entitled to attorney's fees under FDUTPA. *See id.* at 272. Quires argues her situation is analogous: Dubois sued two defendants, achieved a recovery against one (Copperstone) but not the other (Quires). As in *Heindel*, Quires says she should be considered the prevailing party regarding the claims against her and awarded fees and costs.

Quires also cites other cases where courts awarded fees or costs to a defendant who was dropped or exonerated from a multi-defendant litigation, reasoning that prevailing party status can apply to part of a case. She notes that Dubois's FDUTPA claim failed against her, and Florida law generally holds that defendants who prevail on FDUTPA claims are entitled to fees. *See, e.g.*, *Rustic Vill.*, 417 So. 2d 305; *Brown*, 424 So. 2d 181. Per Quires, the trial court erred in refusing to recognize her as a prevailing party by ignoring the separate legal posture of Quires and Copperstone. Quires stresses that she and Copperstone, though co-defendants, are distinct parties, and one defendant's loss does not negate the other's win.

Dubois counters that the trial court correctly found (or implicitly concluded) that Dubois was the overall prevailing party, and therefore Quires received no prevailing-party attorney's fees or costs. Dubois argues that her success on the significant issue in the case makes her the prevailing party, even though she did not recover against Quires. She relies on the principle that prevailing-party status depends on who achieved the substantial part of the relief sought.

Florida law does not rigidly require that each defendant who fends off a FDUTPA claim receive fees. *See, e.g.*, *Humane Soc'y of Broward Cnty.*, 951 So. 2d at 971 (explaining that section 501.2105(1) gives the trial court discretion to withhold fees even from a prevailing defendant after weighing equitable factors); *Chow v. Chak Yam Chau*, 640 F. App'x 834, 841 (11th Cir. 2015) ("[I]n the absence of a plaintiff's success on some theory of

9

recovery, under Florida law, the lack of success by a defendant on a counterclaim does not disqualify a defendant from 'prevailing party' status in the litigation."). Instead, after the 1994 amendment, trial courts have latitude to consider the equities and overall outcomes. *See Humane Soc'y of Broward Cnty.*, 951 So. 2d at 971 ("The 1994 amendment to section 501.2105 placed an award of prevailing party attorney's fees within the discretion of the trial court."). While *Heindel* and similar cases (decided under the older, pre-1994 version) affirmed fee awards to fully victorious defendants, those cases did not involve a co-defendant who was found liable in the same proceeding, nor did they address a scenario in which the plaintiff obtained a substantial judgment. *See, e.g.*, *Heindel*, 476 So. 2d at 272 (awarding FDUTPA fees to a party who prevailed on every count and against whom the plaintiff obtained no relief); *Friedman*, 417 So. 2d at 306 (affirming fee award where defendant prevailed outright and the plaintiff recovered nothing); *Brown*, 424 So. 2d 183 (similar).

Here, there is ample basis to support the trial court's denial of fees. Dubois's prosecution was at least partially vindicated by the outcome, and there is no sign that her FDUTPA claim was frivolous or in bad faith. *See Humane Soc'y of Broward Cnty.*, So. 2d at 971. To the contrary, the claims against Quires were intertwined with those against Copperstone, arising from the same transaction. Notably, while Quires prevailed on the claim against her, it was her own misrepresentation that resulted in liability against her company—Copperstone. The trial court was entitled to weigh these factors in exercising its discretion to deny a fee award to Quires. *See id.* (listing factors such as the history of the litigation, the merits of the respective positions, and whether the claim was frivolous or in bad faith, as considerations in FDUTPA fee decisions); *see also Zhang v. D.B.R. Asset Mgmt., Inc.*, 878 So. 2d 386, 387 (Fla. 3d DCA 2004) ("Simply because a party has obtained some economic benefit as a result of litigation, does not necessarily mean that party has succeeded on the major issue in the case.").

Given the outcome, the trial court had a reasonable basis to determine that Dubois was the prevailing party and that Quires, despite her individual victory, was not entitled to an award of fees and costs. *See Moritz v. Hoyt Enters.*, 604 So. 2d 807, 810 (Fla.

1992) ("[T]he party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney's fees."). Therefore, given there was no abuse of discretion, the denial of attorney's fees and costs to Quires is affirmed. *See Olson v. Pickett Downs Unit IV Homeowner's Ass'n*, 205 So. 3d 869, 872 (Fla. 5th DCA 2016) ("A trial court's determination as to which party prevailed on the significant issues tried before it is reviewed under the abuse of discretion standard.").

IV.

*Due Process & Presentation of Evidence*

Aside from the prevailing-party status, Quires argues that even if she were not outright entitled to fees, the trial court violated her due process rights by denying her a meaningful opportunity to prove her fee claim. Quires points out that the trial court added her motion to the calendar only one day before the May 31st fee hearing, yet Dubois's motion had been noticed significantly longer. Because of the abbreviated notice, Quires argues she could not assemble billing records or obtain expert testimony on the reasonableness of her fees. Quires stresses that she had diligently pursued her fee rights, but the trial court's last-minute inclusion of her motion left her effectively ambushed. In her view, this was a denial of procedural due process because she was not afforded a fair chance to present evidence of the time incurred in discovery, arbitration, and post-trial briefing. She thus asks that, at a minimum, the matter be remanded for a full evidentiary hearing on the amount of fees, if not on entitlement itself.

Dubois responds that Quires was not denied an opportunity to be heard; in fact, the trial court heard her arguments at the May 31st hearing. Dubois emphasizes that Quires's counsel was present and made the case on entitlement, and the trial judge considered those arguments (though ultimately rejecting them).

On the question of procedural fairness, under different circumstances, Quires's complaint might be understandable: receiving only one days' notice to present a fee claim is far from

11

ideal. In a typical scenario, a prevailing party is entitled to an evidentiary hearing on the reasonableness of the fees, and both sides should have adequate notice to marshal evidence and witnesses for that hearing. *See Farrington v. Carrington Mortg. Servs., LLC*, 404 So. 3d 611, 612 (Fla. 2d DCA 2025) (acknowledging "that under Florida law the determination of the amount of a reasonable award of attorney's fees requires an evidentiary hearing"). Based on the unusual way the fee issues unfolded, Quires did receive such an opportunity.

But the trial court's denial of Quires's fees was ultimately based on entitlement, not on a failure of proof on the amount of fees. And Quires does not argue that she was given inadequate opportunity to make her legal argument. Given the trial court's decision, the trial court never needed to reach the question of "how much" would be appropriate. Even if Quires had been given ample time and presented prolific evidence of her attorney's hours and a high lodestar, the trial court's ruling would have been the same—no entitlement, thus no award. *See Freiman v. Nat'l City Mortg. Co.*, 183 So. 3d 1111, 1112 (Fla. 4th DCA 2015) (holding that an award of attorney's fees will be upheld on appeal so long as it is supported by competent, substantial evidence). Since the outcome was dictated by the trial court's legal conclusion on prevailing party, other factual evidence on the amount of fees would not have changed that conclusion.

Quires urges reversal on a determination that the trial court never reached. Had the trial court found Quires to be entitled to fees, then remand for a proper evidentiary hearing on the amount would be necessary. *See Petrovsky v. HSBC Bank, USA*, 185 So. 3d 700, 701 (Fla. 4th DCA 2016) ("Absent an evidentiary hearing, the fee award will be reversed for a hearing unless there is an indication that the right to a hearing was waived." (quoting *Zumpf v. Countrywide Home Loans, Inc.*, 43 So. 3d 764, 766 (Fla. 2d DCA 2010))). But since the trial court determined that Quires is not entitled to fees, there was no need for an evidentiary hearing on amount. *See Coin-O-Matic, Inc. v. Cornerstone Residential Mgmt., Inc.*, 879 So. 2d 649, 650 n.3 (Fla. 3d DCA 2004) (noting that if the fee provision is inapplicable or unenforceable, it is "unnecessary to determine" prevailing party status and the fee amount).

Summarily, any deficiency in Quires's opportunity to present evidence does not warrant reversal. Quires was heard on the core question of whether she could get fees at all, and the trial court resolved that question against her. Having upheld that resolution, the result need not be disturbed because of the abbreviated proceedings. *See Fla. State Lottery v. Woodfin*, 871 So. 2d 931, 934 (Fla. 5th DCA 2004) (affirming the trial court's decision on one ground and noting that it need not consider alternative grounds).

## V.

For these reasons, Quires has standing to pursue this appeal, but the trial court did not abuse its discretion in denying her motions for attorney's fees and costs, nor has Quires established reversible error on her due process claim. The net outcome is that Dubois, as the party who obtained relief, remains the prevailing party.

AFFIRMED.

EISNAUGLE and BOATWRIGHT, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____